EDWARD MAURER, PLAINTIFF IN ERROR, v. LOUIS J. MIDAY ET AL., DEFENDANTS IN ERROR.

1. **Partnership.** Evidence examined, *And Held*, To sufficiently establish partnership relations between Blake and Maurer to sustain the verdict and judgment.

2. ———: PURCHASE OF GOODS BY ALLEGED PARTNER: TRIAL: EVIDENCE. An alleged partner of M. having ordered goods of a wholesale house, to be shipped to M. at Omaha, some time after the shipment and receipt of the goods at Omaha the vendors drew on M. for the price of the goods, in favor of a bank at O. The draft was presented to M. at his place of business, by a messenger of the bank, but was not accepted or paid. In an action by the vendors against M. for the price of the goods, on the trial M., being on the stand as a witness in his own behalf, was asked the following question : "What did you tell the messenger?" which was, under objection, refused. *Held*, No error.

3. ———: ———: ———. While on the stand as a witness in his own behalf, M. having testified as to all of the agreement and transactions between himself and B., who ordered the goods, was asked the following question : "Was there any authority in Mr. Blake to order the goods for you?" which, being objected to, was refused. *Held*, No error.

4. **Instructions** considered, *And Held*, Applicable to the evidence and pleadings in the case.

5. **Parties:** OMISSION OF ONE PARTY : PLEA IN ABATEMENT. When a party is omitted who is liable to be jointly sued, upon a personal contract, the objection, where it does not appear on the face of the petition, can only be taken by answer in the nature of a plea in abatement, and if this be omitted, the defendant will be chargeable with the whole debt.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Savage, Morris & Davis,* for plaintiff in error, cited: *Rogers v. Batchelor,* 12 Peters, 221. *Converse v. Shambaugh,* 4 Neb., 376. Bates on Partnership, Sec. 17. *Sail-*

*ors v. Nixon-Jones Printing Co.*, 20 Ill. App., 509.   *Mc-Donald v. Matney*, 82 Mo., 358–366.   *Nicholaus v. Thielges*, 50 Wis., 491.   *Berthold v. Goldsmith*, 24 Howard, 536.   *Macy v. Combs*, 15 Ind., 469.   *Griffith v. Buffum*, 22 Vt., 181.   *Colwell v. Britten*, 26 N. W. Rep., 538. *Forsyth v. Woods*, 11 Wall., 484.   *Fox v. Abbott*, 12 Neb., 330.   *Bazell v. Belcher*, 31 Ohio St., 572.   *Leach v. Milburn Wagon Co.*, 14 Neb., 109.

*Montgomery & Jeffrey*, for defendants in error, cited: *McCann v. McDonald & Co.*, 7 Neb., 309.   *Berthold v. Goldsmith*, 24 Howard, 536.   *Strader v. White*, 2 Neb., 363.   *Simpson v. Feltz*, 16 Am. Dec., 604.   *Shriver v. McCloud*, 20 Neb., 477.   *Benjamin v. Covert*, 47 Wis., 384.   *Webster v. Wray*, 17 Neb., 580.   *Cooper v. Schwartz*, 40 Wis., 54.   *Pitts v. Shubert*, 30 Am. Dec., 718.   Wade on the Law of Notice, Sec. 668.   1 Greenleaf, Secs. 52–82. 1 Greenleaf, 14 Ed., Sec. 99, note 1 (*a*).   *Ward v. Ward*, 37 Mich., 257.

COBB, J.

The plaintiffs brought their action against the defendant, alleging in their petition the sale and delivery to him of five barrels of Gibson rye whiskey, of the value of $429.64, for which payment had not been made, and demanding judgment therefor.

Defendant answered, denying each and every allegation of the petition.   For a second defense he alleged that the whiskies sued for were spirituous liquors, and that at that time the plaintiffs had not taken out license for the sale of malt, spirituous, or vinous liquors, as required by the laws of the state of Nebraska; that therefore the alleged sale, if such was made, was unlawful and contrary to the statutes, etc.

Plaintiffs replied that said liquors were not sold in the state of Nebraska but in the state of Ohio, etc.

There was a trial to a jury, with a verdict and judgment for the plaintiffs.    The defendant brings the cause to this court on error, and assigns the following errors.

1.    The court erred in excluding the testimony of George Smith, relative to the payment by Edward Maurer of freight bill by mistake. ·

2.    The court erred in excluding the testimony of Edward Maurer in reply to the question, "What did you tell the messenger?"

3.    The court erred in excluding the testimony of Edward Maurer in reply to the question, "Was there authority in Blake to order the goods for you?" ·

4.    The court erred in allowing the question to witness Schroeder, in direct examination, "You say that Mr. Blake had said he had sold four or five barrels of whiskey, and kept the proceeds for his own share?"

5.    The court erred in giving instruction No. 1, asked by defendants in error.

6.    The court erred in giving instruction No. 4, on its own motion.

7.    The court erred in giving instruction No. 5, on its own motion.

8.    The court erred in giving instruction No. 6, on its own motion.

9.    The verdict is against the weight of evidence.

10.    The court erred in overruling the motion for a new trial.

The first contention of plaintiff in error in the brief of the counsel is, that there was no proof, or not sufficient proof, of partnership relations existing between Maurer and Blake to charge the former with responsibility for the goods ordered by Blake.    Having carefully read the testimony of Blake and Maurer, I come to the conclusion that there is sufficient evidence of partnership to sustain the verdict for the plaintiffs.    There is a sharp conflict of the evidence between the testimony of Blake and that of

37

Maurer. The jury could not believe them both; it was their province in such case to believe the one whose testimony, under all the circumstances of the case, seemed to them the most worthy of credit. I think it fairly inferable, from the facts sworn to by Blake, that there was a partnership entered into, or agreed to be entered into, between Maurer and Blake, which was to be carried on in Maurer's name alone, but of which Blake was to be the active or managing member. That the nature of the business engaged in, or contemplated by the said partnership, was such as to include the purchase of goods of the character and amount of those sued for in this action.

The second point argued is that arising upon the exclusion of the testimony of Maurer as to what he told the bank messenger, when the draft for the whiskey was presented to him.

Had the suit been brought on the draft, and had it been claimed by the plaintiffs that anything occurred between Maurer and the messenger presenting it that tended to make him liable upon the draft, then, doubtless, the testimony of Maurer would have been admissible to explain it, but the suit being brought upon the alleged original liability of Maurer arising upon the sale of the goods, I do not think that anything which could have been said by Maurer to the bank messenger would have tended to disprove or restrict such liability. In this connection counsel call attention to the 5th instruction given by the court to the jury on its own motion. If this instruction told the jury to take into consideration what passed, or did not pass, between Maurer and the bank messenger at the time of the presentation of the draft, as seems to be the understanding of counsel, then I would agree with them that the ruling and the instruction cannot both be approved; but the instruction tells the jury generally that, in determining as to the liability of Maurer, they might "consider the direct evidence as to whether there was or was not such an agreement

(referring to the alleged agreement between Blake and Maurer to enter into partnership); and also the circumstances appearing in proof, including the conduct of the parties Blake and Maurer after the alleged agreement, and what took place between plaintiffs and defendant in connection with the shipment of the goods, the sending of the invoice to defendant, the making of the draft upon him, and what Maurer did, or did not do, when informed that plaintiffs looked to him for the payment, giving all the circumstances such weight as you deem them entitled to." This instruction, when applied to the evidence in the case, I do not think either erroneous or misleading.

As to the third assignment of error, the question objected to and excluded was objectionable. Mr. Maurer had testified as to all of the agreement and transactions between himself and Blake, as he professed to understand them. He was then asked the following question: "Was there any authority in Mr. Blake to order goods for you?" This question simply called for an opinion or construction of the facts to which he had testified, as to whether they conferred upon Blake the authority to bind him by the order of the goods. The facts were before the jury, and it was for them to say whether upon them Maurer was bound by the order.

4. The first instruction given to the jury by the court at the request of the plaintiffs is as follows: "If the jury believe from the evidence that Blake and Maurer entered into a partnership, he (Blake) being a silent partner, and that Blake ordered the goods in question, and that plaintiffs shipped the same to defendant Maurer, and they were received by him in Omaha, then he is liable for the same; and so far as the plaintiffs are concerned it is immaterial what disposition either Blake or Maurer made of the goods after said goods were received in Omaha." It is argued by counsel that this instruction is misleading, and inferring that Maurer was responsible for any goods ordered by

Blake, whether for the alleged firm or not, provided they were consigned to Maurer and received by him. It must not, I think, be understood that the court was bound to lay down a general principle which would apply to all cases, without exception, and it will be deemed sufficient if the instruction correctly states the law as applicable to the evidence before the jury, and with that understanding I think the instruction unobjectionable.

Again, it is objected that that part of the instruction, that it was immaterial what disposition either Blake or Maurer made of the goods after they were received, is erroneous, as tending to keep from the jury the consideration of the question whether or not the whiskey was for Blake's personal use, and so ordered by him, as alleged by Maurer, and also whether the acts of the parties in regard to this whiskey showed partnership relations, etc. It will be observed that this instruction is predicated and made to depend for its applicability upon the belief by the jury, from the evidence, that Blake and Maurer had entered into a partnership, etc. If, as suggested by counsel, it tended to keep from the jury the consideration of the question whether the acts of the parties in regard to this whiskey showed partnership relations, then, to that extent, it was prejudicial to the plaintiffs, and not to the defendant, for it was incumbent upon them to prove partnership in order to bind Maurer. I cannot see how this instruction tended to keep from the jury the consideration whether or not the whiskey was for Blake's own personal use, or how that fact, if true, would defeat the plaintiffs, unless knowledge of it was brought home to them before the shipping of the goods.

As to the point whether the action can be maintained against Maurer alone, without a thorough examination of the law, which the press of business now forbids, I think that had advantage been taken, in the answer, of the omission of Blake as a party defendant, such omission

must have been held fatal. Chitty states the law thus: "But in the case of a defendant, if a party be omitted, whether liable to be jointly sued upon a personal contract or * * * the objection can only be taken by plea in abatement * * * and if this be omitted the defendant will be chargeable with the whole debt, and it cannot be objected to at the trial upon the general issue, as a variance that a bill or note stated in the declaration to have been made by the defendant was in fact made by him and others." 1 Chitty on Plead., 16th Ed., 53. I understand the law to remain unchanged, except that now, instead of pleading in abatement, the objection may be raised by answer.

It is not deemed necessary in this connection to discuss the law of partnership.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.