No. 15,386.

## CARPENTER ET AL. *v.* RUSSELL ET AL.

MORTGAGE.—*Foreclosure.*—*Sheriff's Sale.*—*Offer of Rents and Profits.*—In a foreclosure proceeding, it is not necessary for the sheriff to offer the rents and profits of all the tracts together before offering to sell the fee.

SAME.—*Rule of Property.*—The case of *Adler* v. *Sewell,* 29 Ind. 598, has become a rule of property, and where a sheriff's sale has been made in accordance with the rulings in that case it will not be disturbed.

SAME.—*Sheriff's Deed.*—*Sufficiency of.*—A sheriff's deed giving the names of the mortgagors and owners of the land sold, and such a description of the judgment and decree that there can be no mistake in its iden-'tification as the one authorizing the sale of the premises, is sufficient.

From the Allen Superior Court.

*R. Lowrey,* for appellants.

*J. A. Woodhull,* for appellees.

MILLER, J.—This was an action in ejectment, brought by the appellees against the appellants.

The question we are called upon to consider arises upon the overruling of a motion made by the appellants for a new trial.

The real estate in controversy consisted of more than one tract of land. A decree óf court, upon a foreclosure of a mortgage against the appellants, directed a sale of the prem-

ises in parcels.   The return of the sheriff shows that he offered for sale the rents and profits of each parcel of land for a period of years, not exceeding seven, by the year; and, receiving no bid, he then offered, in like manner, the fee simple of the first tract; and, receiving no bid, then offered the second tract, and receiving no bid, he offered in like manner the third; and, receiving no bid, he offered, *seriatim*, the fee simple of each parcel; and, receiving no bid, he then offered and sold the fee simple of the whole tract.   It is claimed by the appellants that it was his duty to offer to sell the rents and profits of all the tracts together before offering to sell the fee.

The method of sale pursued by the sheriff is in accordance with the ruling of this court in *Adler* v. *Sewell*, 29 Ind. 598. We do not feel called upon to examine the correctness of that decision.   We may presume that since that case was determined many sales of real estate have been made in the mode authorized by it, and it has thereby become a rule of property; so that, even if we doubted the correctness of that decision, motives of public policy would prevent us from entering upon a review of its soundness at this late day. *Lindsay* v. *Lindsay*, 47 Ind. 283; *Carver* v. *Louthain*, 38 Ind. 530; *Grubbs* v. *State*, 24 Ind. 295; *Harrow* v. *Myers*, 29 Ind. 469.

Complaint is also made of a ruling of the court in admitting in evidence a sheriff's deed under which the appellees claim title.   The objection made to its admission is that it recites the judgment upon which the sale took place as having been rendered in the year 1888, and it is claimed that the judgment given in evidence shows that it was rendered in the year 1889.   We find upon examination that the date of the rendition of the judgment is recited by the clerk as having been rendered on the 24th day of January, 1889; but the transcript of the proceedings of the court, both prior and subsequent to its rendition, shows that the court was held, and judgment rendered, on the 24th day of Janu-

ary, 1888, and that the clerk, by a mere clerical misprision, recited it as having been rendered in the year 1889. The context not only shows the error, but gives the true date.

The names of only a portion of the defendants against whom the judgment was rendered are·set out in the sheriff's deed. It gives the names of the mortgagors and owners of the land sold, and so fully describes the judgment and decree that there can be no mistake in its identification as the one authorizing the sale of the premises. This was all that was necessary.

We find no merit in this appeal.

Judgment affirmed.

McBRIDE, J., took no part in the decision of this case.

Filed Nov. 20, 1891.