Tilguman C. J.
(After stating the case.) It has been contended before us that a new trial should be granted, on account of the misdirection of the judge. Whether the land passed by the devise to John Chambers was proper to be left to the jury; but the question is whether it was not left with observations tending to mislead them. It appears to me that too much stress was laid on the circumstance of S3 acres passing under the devise of SO. - The jury might have been permitted to decide whether by the custom of the country in 1756 this devise included 8 acres as an allowance for roads,' &c., although at this time of day, at-least in a county which has been long settled, such a devise would carry but 50 acres strict measure. But in this cause it was not of importance, because nothing but woodland was devised, and -therefore whether the devisee took 50 or 53 acres, it would not include the land claimed in this action, unless it was woodland, of which there was no proof. But, in the manner in which it was submitted to the jury, they might well -think that in order to make up the 53 acres, they might throw in the parcel in dispute, whether appurtenant to the mill or not. In another respect too, the true point on which the cause turned seems to have been misconceived. The devise was of the mill with the appurtenances. The necessary .water, together with a race to conduct it to the mill was appurtenant. No doubt there must have been also a small parcel of land adjoining. But how much, or how situated, was a fact to be inquired of by the jury. They were to inquire, not, what in *173 their own judgment whs convenient, on a view of the mill, but what was actually used as appurtenant to it by the testator in his lifetime ; for that and that only would pass by the devise. If no trace of that could be discovered by evidence of what was occupied by the testator, or by his devisee soon after his death, then indeed the jury could only decide by their own judgment what was necessary, and this they would have a right to presume was intended by the testator. But by the charge they were left to construe the devise according to their own ideas of what might be necessary for the use of the mill. I consider it unnecessary to give an opinion on another reason urged for a new trial; the misbehaviour of one of the jury in holding conversations with the brother-in-law of the plaintiff, both before and after he was sworn. I I am glad that the plaintiff himself was not in the least implicated, but it would be an injury to the administration of justice not to declare, that it is gross misbehaviour for any person to speak to a juryman, or for a juryman to permit any' person to converse with him respecting the cause he is trying, at any time after he is summoned, and before the verdict is delivered. Upon the whole of this case, I am of opinion that there should be a new trial.
Yeates J.
The circumstances of this case, and the true points on which it turned, have been detailed by the Chief Justice. I regret that the charge of the Court, as taken by the student at law who committed it to writing, appears before us in a very imperfect state. Sufficient however does appear, to satisfy my judgment of my line of - duty. Whether there was a division ■ made between the two brothers John and William of the lands devised to them by their father John Chambers, was a fact which could only be decided by the jury. I regard the arbitration bond from William Chambers to Robert Callender, as strong evidence upon this point.
The pretensions of the lessor of the plaintiff were founded on the will of John Chambers, dated in 1756. I agree, that at that early day, under a devise of 50 acres, the devisee would under the known custom of the country, entitle himself to the usual allowance of 6 acres per cent, for roads and highways. But too much weight was laid on this position however true, because the devise was of 50 acres of the most *174 adjacent woodland and next adjoining to the mill, and could not pass clear land detached from the body of the woodland. The plaintiff, therefore, if at all entitled, must ground himself on the preceding parts of the sentence, the devise of the grist mill with the appurtenances. By these words every thing necessary for the full and free enjoyment of the grist mill, and requisite for the support of the establishment — such as a dam, water, the race leading to the mill, a proper portion of ground before the mill for the unloading and loading of wagons, horses, &c. as used by the testator, would pass. For without these appurtenances the grist mill could not be worked, and the bounty of the testator would be inoperative. I think the jury should have been instructed, that whatever matter or thing had been usually held or occupied as an accommodations to the mill, legally passed by the devise. But in defect of proof in these particulars, they should have been told that it belonged to them fairly and dispassionately to designate the portion of land before the mill which they judged necessary for the accommodation of the mill under its local situation and circumstances, all things fairly considered. This has not been done, and therefore in my apprehension, the cause was not submitted to the jury on its true merits, and I feel myself constrained to say, although with reluctance, after a view by the jurors of the premises in question, that the judgment of the Circuit Court should be reversed, and a new trial be awarded.
Upon the motion for the new trial before Judge Smith, the jurors implicated by the affidavits were not called upon to defend themselves against the charges, he being of opinion that the verdict was conformable to the justice of the case. If the truth of the fact was correctly stated in those affidavits, the person who attempted to labour the jury, merited the most severe punishment, as such conduct poisons the first sources of justice. But, standing as the matter now appears before us, it is not in my idea a ground for awarding a new trial, and particularly as the persons conducting the suit are not charged with misconduct.
Brackenridge J. concurred.
New trial ordered.