[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 101 
No right or interest in the locus in quo is, by the terms of the conveyances, carried to Henry W. Rathbone or to Brady. But some things pass by a conveyance of lands, as incidents appendant and appurtenant thereto, though not named therein. This is the case with a right of way, or other easement appurtenant to land. So that, in the case of a devise of a mill and appurtenances, that is carried which was actually used by the testator in his lifetime as appurtenant, or by his devisee soon after his death, or, in the absence of evidence of either, that which shall be found by a jury to be necessary. (Blaine's Lessee v.Chambers, 1 Serg. Rawle, 169.) And in the case of a conveyance of land, described as "the same on which a mill stands," everything passes necessary for the full and free enjoyment of the mill. (Comstock v. Johnson, 46 N.Y., 615.) And though the description in the instrument may not cover the thing claimed as appurtenant, the same will pass if it is apparent from the conveyances, and the circumstances connected with the manner of the use and enjoyment of the land, that it is included in it. (Huttemeier v. Albro, 18 N.Y., 48.) It is to be observed in the first of these cases, which is a leading one, stress is laid upon the fact that the devise was of the mill, with the appurtenances; and the necessary water, with a race to conduct it, it is said was appurtenant. It is also suggested that there must have been a small parcel of land adjoining; how much, and how situated, being a fact to be inquired of by the jury, — in which inquiry they were first to seek what was actually used by the *Page 103 
testator; failing in this, what was occupied by his devisee soon after his death; and finding no trace of this, then to decide by their own judgment what was necessary, and to presume that it was intended by the testator. But the controlling thing is this, how much and what was necessary for the mill; the actual use by the successive owners being evidence of this. And so, also, in the case secondly cited, it is the necessity of the mill for its full and free enjoyment, which controls in indicating what and how much shall pass as an incident, appurtenant to that in terms conveyed.
The facts in the case in hand are strong to show, that an easement in the locus in quo, for a way and for a mill-yard, was carried with the principal thing conveyed. The mill site was conveyed to Henry Rathbone by the description of the mill property of Ransom Rathbone; to which is added a more particular description by metes and bounds, comprising but about seven and nine-tenth acres of land. The finding of the referee is, that the description is the same in this deed and in that from Henry to Brady. In the latter, the property is conveyed with the appurtenances. So it was then in the former. This property was and is chiefly valuable as a mill privilege. It has been used for that purpose solely, for forty years and more, and for twenty-five years of that time by R. Rathbone. Henry conveyed to Brady, under whose permission and license the defendant seeks to justify. The locus in quo is and has always been an open space in front of the mills, was owned by R. Rathbone when and long before he conveyed to Henry, and has for forty years been used by the owners of it as a way to the mills and as a mill-yard. The referee finds that it was, when R. Rathbone and H. Rathbone conveyed, and still is, necessary to the beneficial enjoyment of the mill as such way and yard. The testimony sustains the finding.
With the rules of law, above stated, applied to these facts, the defendant has made out a defence, unless the plaintiff has shown some countervailing facts, or some good reason in law why this case is an exception from those rules. *Page 104 
He claims that the answer has not set up the facts constituting the defence. This is true. He relies upon Field v. The Mayor,etc. (6 N.Y., 179), for the position that, unless pleaded, facts, though proven, are not available. He did not take this ground at the trial. In Barnes v. Perine (12 N.Y., 18) the case in 6 New York Reports is limited; and it is held that, unless taken at the trial, so that pleadings might have been amended, this objection cannot be availed of on review.
He further contends that the easement in the locus in quo,
for a mill-yard, did not pass to Brady by deed from H. Rathbone, because the latter had not acquired it by deed from his father. So far as this rests upon the intention of H. Rathbone, testified to by him, that he did not intend to take it, nor to use the water-power for a saw-mill, and that he did not use it while he owned it, it is not tenable. H. Rathbone conveyed and meant to convey, to Brady, all he obtained from his father; and if the deed from his father carried this easement as appurtenant to that which was in terms conveyed, then it became Brady's. For aught that yet appears, the deed from the father to H. Rathbone did carry this easement. His opinion of the effect of that deed, or his intention of what the effect should be, cannot change it nor affect the rights of the subsequent grantee, who has bought with a right to rely, and relying upon his grantor's title. The referee has not found, nor was he asked to find, whether, as a fact, there was any intention on the part of Henry and his father, in setting forth in the deed a description by metes and bounds, to limit the rights of Henry and his grantees to the lines thereof. Henry did also testify that he took all that he thought he needed, and that nothing more than the right of way was necessary for the use of the mills. But upon the testimony of other witnesses the referee has found to the contrary. We are not at liberty to take anything as fact, or to make any inferences to the impeachment of the judgment, in which the referee has not preceded us.
In Pickering v. Stapler (5 Serg. Rawle, 107) it is held *Page 105 
that the declarations of the defendant, who was the grantee in the prior conveyance and the grantor of the plaintiff, that he had neither bought nor sold a certain water-right, could not vary the operation and effect of the two deeds.
Nor does the fact that the grantor of the plaintiff, and the plaintiff himself, exacted a toll for the use of the locus inquo, vary the rights of the parties. This was done in ignorance of rights. The plaintiff is not shown to have been prejudiced by such payment, and it does not estop Brady and his licensee from now insisting upon his actual rights. (Child v. Chappell,9 N Y, 246.)
It is also suggested that, as the deed from Ransom Rathbone did take from the whole property owned by him, in particular description by metes and bounds, a specific part thereof, and convey that to his son, the latter got no right to anything more than that which was thus specifically described and conveyed. It is at the same time conceded that the son and his grantees got a right of way, over that part of the premises not included in the description, to that which was. It is said that this is obtained from the necessity of the case, as there is no other way from the highway to the mill property, and there can be no beneficial enjoyment of the mill property without a way thereto. Is there not the same necessity for the beneficial enjoyment, that the open space be used for a mill-yard, as it has been for long aforetime? And does not the right so to use it now, arise from the same necessity? A way, by necessity, is in fact acquired by grant; not by prescription but as an incident to the thing described and thus granted. (Wash. on Ease., 31; see Atkins v.Bordman, 2 Metc., 463.) Moreover, this suggestion is confined in its view to the particular part of the description in the conveyances. It does not consider the general part of it, by which they pass the mill property of Ransom Rathbone, which is this mill site as it had been used and occupied by him for many years, including not only the land under and closely adjacent to the buildings, but all the easements which he had found necessary, and which are still necessary to the *Page 106 
full enjoyment of the mill and water-power. The legal principle with which we started would be too much limited, if it was not, under circumstances such as those here presented, to include cases in which the owner of premises has carved out of them a mill site by a particular description of metes and bounds. There are cases in which it is held that, where conveyances on their face purport to convey only the lands within the boundaries described in them, nothing more than the lands are carried by them; such is Tabor v. Bradley (18 N.Y., 109). Yet, there, it is noted as an important feature of the case, that there is no allusion in the deeds to any mill or water-rights or privileges; and it seems to be there conceded that a deed, purporting to convey by metes and bounds, may be legally construed, in the light of surrounding circumstances, to include also privileges annexed to, or connected with, the main subject of the grant. (Id., 114.)
It has been often held that a conveyance, by metes and bounds, of a mill site, carries the right to take and convey and discharge water, from and across lands not within the boundaries given by the deed, for the reason that the power so to do is necessary to the full enjoyment of the property specifically conveyed. It is not perceived in what is the difference between an easement to conduct water to and from the mill, and an easement to use land to deposit logs and lumber for the purposes of the mill, when the last is, like the first, necessary for the beneficial enjoyment of the site. It is true that, at first flush it is apparent, that an absolute necessity exists that there should be a free way for water to flow to and from a water-mill. When the testimony and the findings establish a necessity as absolute, for the use as a mill-yard of a given space, theretofore continuously employed for that purpose, there can be no difference in the cases.
These views, leading to an affirmance of the judgment, it needs not to determine whether the principle of the case of Lampman
v. Milks has applicability here. *Page 107 
There were several exceptions taken to the admission of evidence; they are sought to be maintained here on the ground that the testimony objected to was not admissible under the allegations of the answer. That should have been specified at the trial to make it now available. It was not.
The judgment appealed from should be affirmed, with costs to the respondent.
All concur, except GROVER, J., not voting.
Judgment affirmed.