ANNIE JENNER, as Administratrix of the Estate of WILLIAM J. JENNER, Deceased, Appellant, *v.* JULIAN B. SHOPE, Respondent.

Copartnership names — carrying on business under fictitious or assumed copartnership name — construction and application of statutes prohibiting and relating to the use of illegal firm names.

1. Section 363b of the Penal Code was not intended to repeal the existing provisions of law so that thereafter, as against the public, a person might conduct business under any name, style or title, provided that he filed a certificate stating his intention to conduct

business under that name or style; or to authorize the commission of the acts forbidden by the Partnership Law (L. 1897, ch. 420, § 22; Cons. Laws, ch. 39) and made criminal by section 363 of the Penal Code, but was intended to include and apply to a different class of cases from those dealt with in the original section 363 of the Penal Code and the provisions of the Partnership Law cited.

2. Where an administratrix assumed to transfer the right and privilege of using a firm name which had been used by her intestate it is a defense to an action to recover the consideration therefor that the use of such firm name by decedent was illegal.

3. Since the statutory prohibition is general, it was not incumbent on the defendant upon the trial to prove that the deceased was not authorized to use such firm name, but on the plaintiff to show that the case came within the exceptions, and that the deceased was so authorized.

*Jenner* v. *Shope*, 140 App. Div. 911, affirmed.

(Argued February 27, 1912; decided March 19, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 28, 1910, which reversed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiff and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Howard Hasbrouck* for appellant. The defendant may make legal use of the name "Jenner & Company" under the contract in question, and his promise to pay therefor is supported by a valid consideration. (*Rosenheim* v. *Rosenfield*, 13 N. Y. Supp. 720; *Higgins Co.* v. *Higgins Soap Co.*, 144 N. Y. 462; *Ludwig & Co.* v. *Claviola Co.*, 144 App. Div. 388; *Church* v. *Kresner*, 26 App. Div. 349; *Kennedy Corp.* v. *Kennedy*, 36 App. Div. 599, 604; *Churton* v. *Douglas*, H. R. V. Johns. 174; *Sinnott* v. *G. A. Bank*, 164 N. Y. 386.) The statutes of this state permit the use of the name "& Company" or "& Co." by an individual upon filing a proper certificate. (*Gay* v. *Seibold*, 97 N. Y. 472; *O'Toole* v. *Garvin*, 1 Hun, 92;

*Kennedy* v. *Budd*, 5 App. Div. 140; *Loeb* v. *F. Ins. Co.*, 78 App. Div. 113; *Vandegrift* v. *Bertron*, 83 App. Div. 548; *McArdle* v. *T. I. Works*, 96 App. Div. 139; *Taylor* v. *B. & B. Soap Co.*, 18 App. Div. 175; *Wood* v. *Erie R. R. Co.*, 72 N. Y. 196.)

*G. D. B. Hasbrouck* and *Joseph M. Gazzam* for respondent. The statutes of this state do not permit the use of the name "& Company" or "& Co." by an individual without any actual partner, even upon filing a certificate, except in the case of the continuance of the name of an actual partnership. (Penal Law, §§ 440, 924; *Slater* v. *Slater*, 78 App. Div. 454; *People* v. *Molyneaux*, 40 N. Y. 113; *Bishop* v. *Barton*, 2 Hun, 436.) The consideration being altogether illegal, it was insufficient to sustain a promise, and the agreement was wholly void. (Parsons on Cont. [9th ed.] 497; *Bell* v. *Quinn*, 2 Sandf. 146; *Griffith* v. *Wells*, 3 Den. 226; *Sirpin* v. *Fourteenth Street Store*, 124 App. Div. 384; Benjamin on Sales, 533; *Ernst* v. *Crosby*, 140 N. Y. 364; *Church* v. *Proctor*, 66 Fed. Rep. 240; *Wilkins* v. *Richter*, 25 Misc. Rep. 733; *Smith* v. *Robertson*, 106 Ky. 472; *Jackson* v. *Walker*, 5 Hill, 27; *Foley* v. *Spier*, 100 N. Y. 552; *Lowey* v. *G. S. P. Assn.*, 8 Misc. Rep. 319.)

CULLEN, Ch. J. The plaintiff, widow and administratrix of William J. Jenner, sued the defendant on a written agreement by which the plaintiff assumed to transfer to the defendant the right and privilege of using the name of "Jenner & Company" theretofore used by William J. Jenner, the plaintiff's intestate, in consideration whereof the defendant agreed to make certain payments in which he had made default. The defendant, in answer to the claim, alleged that the use by the deceased of the name of "Jenner & Company" was illegal, because the deceased had had no actual partner, that for this reason the transfer of the name by the plaintiff gave him no right to its use, and that thus the consideration for the

defendant's covenants had failed.  On the trial the evidence showed that the deceased Jenner never had a partner.  The Municipal Court held the defense bad and rendered judgment for the plaintiff.  This was affirmed by the Appellate Term by a divided court.  The Appellate Division reversed the judgment and ordered a new trial, from which order an appeal has been taken to this court.

The determination of the case depends on the construction and effect of certain statutes.  The first law on the subject of fictitious names was that of 1833 (Ch. 281, amended by L. 1866, ch. 262, now reproduced as section 22 of the Partnership Law), which enacted that no person should thereafter transact business in the name of a partner not interested in his firm, and that when the designation "& Company" was used it should represent an actual partner.  By subsequent statutes this general prohibition was to some extent relaxed.  In cases where the majority of the members of a former copartnership were members of a new firm or consented to the use of the old name by the new partnership such use was permitted, and where a resident of the state died after having carried on business for five years in his sole name, the right to use the name could be disposed of as part of his estate.  A certificate signed and acknowledged by persons intending to carry on such business under the old name was required to be filed and recorded in the clerk's office.  (Partnership Law of 1897, ch. 420, secs. 20, 21.)  Section 363 of the Penal Code (originally enacted in 1881) provided that a person who transacts business, using the name as partner of one not interested with him as such or using the designation "& Company" or "& Co." when no actual partner or partners are represented thereby, is guilty of a misdemeanor.  "But this section does not apply to any case, where it is specially prescribed by statute that a partnership name may be continued in use by a successor, survivor, or other person."

It is very clear that if these statutes were the only ones

in force at the time, the use by the plaintiff's intestate of the title of "Jenner & Company" in the conduct of his business did not fall within the statutory exceptions and was illegal; that because of such illegality his administratrix could not transfer the trade name to the defendant and that the use of it by him in his business would be equally illegal. The learned counsel for the plaintiff, however, contends that these statutes were modified or repealed by subsequent legislation. In 1900, by chapter 216 of that year, section 363b was added to the Penal Code, as follows: "1. No person or persons shall here-. after carry on or conduct or transact business in this state under any assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the clerk of the county or counties in which such person or persons conduct, or transact, or intend to conduct or transact such business, a certificate setting forth the name under which such business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons conducting or transacting the same, with the post office address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting, or intending to conduct said business. * * * 5. Any person or persons carrying on, conducting or transacting business as aforesaid, who shall fail to comply with the provisions of this act, shall be guilty of a misdemeanor."

The contention is that the enactment of this section repealed or modified the previously existing laws so that thereafter, as against the public, a person might conduct business under any name, style or title, provided that he filed a certificate stating his intention to conduct business under that name or style. If this claim be correct, of course the defense fails, because the right to use the

name Jenner the defendant could acquire from the administratrix, and the term " & Company " he would have the right to use in connection with the name of Jenner, or with any other name for that matter, provided he filed the proper certificate.    But we are of opinion that the appellant's claim cannot be sustained.    It is elementary law that repeals by implication are not favored. (Potter's Dwarris on Statutes, p. 154.)    The method in which the new law was enacted indicates no intent to repeal the provision which made the transaction of business under the name of " & Company " or of " & Co." without an actual partner, except in the special cases authorized, a misdemeanor, but the reverse.    Instead of substituting the new provisions of law for the existing section 363 of the Penal Code, it added these provisions as section 363b.    Nor does the case come · within the rule that a former statute is deemed to be repealed by implication when a subsequent one, though not purporting to amend or repeal the former, is so repugnant to the first act that both cannot operate together, or when the later statute was evidently intended to furnish the whole law on the subject.    Section 363b was intended to include and apply to a different class of cases from that dealt with in the original section 363 of the Penal Code and the provisions of the Partnership Law quoted.    The earlier laws simply forbade the use of the name of a person as partner who was not a partner and the use of the designation " & Company " or " & Co." when there was no partner.    Besides these there were many other fictitious names in common use.    In many instances business was conducted by individuals, under apparently corporate titles, such as the " Great Western Tea Company " and the like; in others, under titles that denoted rather the occupation than the names of the individuals or corporation who conducted the business, such as the " Vesuvius Iron Works " and the like.    Other instances of fictitious names may be readily imagined.    It was with cases of this character

that section 363b was intended to deal. It was not the object of the legislation to prohibit absolutely the conduct of business under titles of the character mentioned — a practice which has been in use from very early times — but to require any one so conducting a business to file a certificate stating the name of the person or persons who were actually conducting the business in order that persons dealing with them might know who were responsible for liabilities incurred in the business. It was not intended, however, to authorize the commission of the acts forbidden by the Partnership Law and made criminal by section 363 of the Penal Code.

In answer to the suggestion that the evidence is insufficient to show that the deceased Jenner had no partner, it may be admitted that the evidence of the plaintiff's attorney, sworn as a witness on her behalf, to the effect that the deceased Jenner had had no partner, is not strong; but it was sufficient to place the onus upon the plaintiff of showing that he had had a partner, if such were the case, for that was a fact presumptively within her knowledge. "Knowing the truth and omitting to speak, every inference warranted by the evidence should be indulged against them." (*Wylde* v. *Northern R. R. Co. of N. J.,* 53 N. Y. 156.) Indeed the statutory prohibition being general, it was not incumbent on the defendant to prove that the deceased was not authorized to use the name of Jenner & Company, but on the plaintiff to show that the case came within the exceptions, and that the deceased was so authorized. (*Potter* v. *Deyo,* 19 Wend. 361.) Nor do the recitals in the agreement tend to show that the defendant had been a partner of the deceased, but the reverse, for the recital is that Jenner himself had been carrying on the business under the name of Jenner & Company.

The order of the Appellate Division should be affirmed and judgment absolute rendered against the appellant on the stipulation, with costs in all courts.

1912.]          Dissenting opinion, per HAIGHT, J.          [205 N. Y.]

HAIGHT, J. (dissenting).   I am unable to concur in the conclusions reached by the chief judge in his opinion.   I find no evidence in the case that William J. Jenner in his lifetime never had a copartner in his business.   The only testimony given upon the subject appears upon the cross-examination of Howard Hasbrouck, in which he distinctly states that he never knew Jenner in his lifetime and could not testify with his own knowledge upon the subject.   He was asked the further question: " There is no dispute that Jenner & Company was William J. Jenner ?   Answer.   That was my understanding.   You ask me from knowledge.   I do not know it as a matter of fact.   That is my understanding.   Q. And the administratrix has told you so ?   A. I do not think I have ever asked her.   The Court: The administratrix has signed that agreement which set forth this fact.   This is not an agreement signed by the witness.   The witness: I think that is the fact undoubtedly that he did business alone.   Q. So the words 'and company' are really fictitious ?   A. Yes, I presume so."   This, as I have stated, was cross-examination, and the most that can be claimed for it is an understanding on the part of the witness and an assumption that Jenner did business alone.   But it distinctly appears that the witness had no knowledge upon the subject, he never having been acquainted with Jenner in his lifetime.   On the other hand, there is no provision in the contract reciting that Jenner did business alone, or that he never had a copartner.   But instead thereof there is a distinct admission on the part of the defendant Julian B. Shope that he was engaged in business with Jenner previous to his decease, by which they deducted the expenses and disbursements made in connection with each particular transaction, and then, in accordance with their custom, divided the fees between them.   This, in effect, constituted them copartners, doing business under the name of Jenner & Company, in accordance with the provisions of the statute.

The order of the Appellate Division should be reversed and that of the trial court affirmed, with costs.

Gray, Werner, Willard Bartlett, Chase and Collin, JJ., concur with Cullen, Ch. J.; Haight, J., reads dissenting opinion.

Order affirmed, etc.