JENNER v. SHOPE.

(Supreme Court, Appellate Term, First Department.   November 8, 1912.)

APPEAL AND ERROR (§ 1194*)—DECISION ON APPEAL—RETRIAL—QUESTIONS
    CONCLUDED.
    Where the majority opinion of the Court of Appeals declared that, in
    answer to the suggestion that the evidence was insufficient to show
    that decedent had no partner, it might be admitted that the evidence was
    not strong, but was sufficient to place the onus on the administratrix
    to show that decedent had had a partner, if such were the case, since
    that was a fact presumptively within her knowledge, the issue whether
    decedent had a partner was adjudicated, and was res judicata in a sub-
    sequent action between the same parties.
        [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4648–
    4656, 4660; Dec. Dig. § 1194.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth
District.

Action by Annie Jenner, administratrix of William J. Jenner,
deceased, against Julian B. Shope.   From a judgment for plaintiff,
defendant appeals.   Reversed, and new trial ordered.

See, also, 140 App. Div. 936, 126 N. Y. Supp. 1133.

Argued October term, 1912, before SEABURY, GUY, and BI-
JUR, JJ.

Joseph M. Gazzam, of New York City, for appellant.
Howard Hasbrouck, of New York City, for respondent.

SEABURY, J.   The only question presented for determination
in this case is whether the judgment recovered in Jenner v. Shope,
205 N. Y. 66, 98 N. E. 325, is res judicata in this action.   Whether
it is to be so considered depends upon whether it was determined
in that action that Jenner & Co. consisted only of William J. Jenner.

We think that this issue was adjudicated in the former action,
and that the prevailing opinion in the Court of Appeals shows that
this issue was necessarily involved.   It is true that Judge Haight
dissented in that case, on the ground that there was no evidence
that William J. Jenner, in his lifetime, ever had a partner.   The
opinion of the majority of the court held that the evidence on this
point, while weak, was sufficient.   Thus Judge Cullen said:

"In answer to the suggestion that the evidence is insufficient to show
that the deceased, Jenner, had no partner, it may be admitted that the evi-
dence of the plaintiff's attorney, sworn as a witness on her behalf, is not
strong; but it was sufficient to place the onus upon the plaintiff of showing
that he had had a partner, if such were the case, for that was a fact pre-
sumptively within her knowledge."

Judgment reversed, and new trial ordered, with costs to the ap-
pellant to abide the event.  All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes