## LUX v. HORTON.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1915.)

WATERS AND WATER COURSES (§ 156*)—CONVEYANCE OF RIPARIAN RIGHTS— ESTOPPEL.

A contract and deed, by which defendant conveyed to plaintiff certain lands and riparian rights for the purpose of constructing a hydroelectric power plant thereon, the known effect of which would be to render the flow of water past an island owned by defendant at the time of the conveyance irregular, and at times to stop it altogether, estops the defendant as the owner of the island from questioning or interfering with such use of the water by the plaintiff.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 158, 174–183; Dec. Dig. § 156.*]

Appeal from Special Term, Oswego County.

Action by Charles A. Lux against Byron C. Horton. Judgment for plaintiff. Motion for new trial on the ground of newly discovered evidence denied, and defendant appeals. Judgment modified and affirmed, and order denying motion for new trial affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Udelle Bartlett, of Oswego, for appellant.
Louis Marshall, of New York City, for respondent.

PER CURIAM. We are of opinion that the decision below, in so far as it requires defendant to convey to plaintiff the fee of the island at Bennett's Bridge and of the bed of the Salmon river below the mouth of the Blakeman brook cannot be sustained. The relief so granted exceeds that to which plaintiff is entitled upon the evidence. We think the deed already executed by defendant to plaintiff conveys all the lands and riparian rights along the Salmon river which the contract between the parties required or they intended that defendant should convey. The evidence, in our opinon, does not justify the conclusion that the clause in the contract excepting the island at Bennett's Bridge from the lands to be granted was intended only as an exception from the covenant of warranty, and not from the grant, or that any mistake was made in drafting this clause.

We are also of opinion that the finding that the clause in said contract by which defendant covenanted not to purchase or seek to con-

trol any land or water rights of any kind "located along or above the falls on said river, or any stream tributary thereto, that might interfere with the flowage or reservoir rights of said Lux or his assigns," did not correctly express the intention of the parties, and that that intention was that defendant should agree not to purchase or seek to control any land along the river, or above the falls on said river, and that plaintiff was entitled to have said contract read and construed accordingly, cannot be sustained, and that such finding is contrary to and against the weight of the evidence, and we think that clause as it stands in the contract correctly expresses the intent of the parties at the time it was made.

We are further of opinion that the refusal of defendant to convey to plaintiff the fee of the island at Bennett's Bridge and the bed of the river below the mouth of Blakeman creek was not a violation of the contract between the parties, or a refusal to perform the same, and that there was nothing in the contract or other relations between the parties which entitled plaintiff to such a conveyance.

We think, however, that the intent and meaning of the contract is that defendant should convey to plaintiff the lands and riparian rights described in the contract for the purpose of the development thereon of an hydroelectric power plant, which involved and required the impounding and storage of the waters of the Salmon river by means of a dam and reservoir, and that the known and intended effect of the operation of such power plant would be the impounding and diversion of the water of the river, and the discharge of the same into the river at the foot of the tailrace to be constructed in connection therewith in varying quantities and at irregular periods, and that as respects the river at the island at Bennett's Bridge the operation of this power plant would at times leave no water in its bed at that point, and would seriously interrupt and interfere with the natural flow of the river on both sides of the island; that the intent and purpose of the grant was to permit this to be done, and that defendant by the contract and deed, in legal effect, agreed with plaintiff that plaintiff and his assigns should have and make such use of the waters of the river; that defendant, as the owner of said island and of the bed and banks of the river below the mouth of the Blakeman brook, and of any other lands affected by such use of the river, which he owned or acquired prior to the delivery of said deed from defendant to plaintiff and payment of the purchase price, is estopped from questioning or interfering with such use of the waters of the river by plaintiff or his assigns; and plaintiff is entitled to have such right and such estoppel adjudged in this action.

We think the following authorities support the conclusion so reached: Gould on Waters (3d Ed.) § 306, and cases there cited; Lampman v. Milks, 21 N. Y. 505; Matter of City of New York (Wantagh), 158 App. Div. 222, 143 N. Y. Supp. 45, affirmed 210 N. Y. 626, 104 N. E. 1142; Hall v. Lund, 1 H. & C. 676; Simmons v. Cloonan, 81 N. Y. 557; Le Roy v. Platt, 4 Paige, 77; Voorhees v. Burchard, 55 N. Y. 98.

The judgment appealed from should be modified, in accordance with this opinion, and, as modified, affirmed, without costs of this ap-

peal to either party, and the necessary additional findings should be made by this court, and the inconsistent findings below disapproved. Settle order on five days' notice.

As to the motion for a new trial on newly discovered evidence, we think it was properly denied, and the order should be affirmed, with $10 costs and disbursements.