ARTHUR E. CONE, Plaintiff, *v.* CHARLES H. BALLOU and Others, Defendants.

Supreme Court, Oneida County, January 3, 1931.

*Charles J. Fuess,* for the plaintiff.

*Joseph R. Horigan,* for the defendants Ballou.

*Wager, Griffith & Wager* [*Edmund J. Wager* of counsel], for the defendants Bowes.

DOWLING, J. For twenty years defendant Charles H. Ballou has conducted a printing business in the city of Utica under his own name. The defendant Clara F. Ballou is and has been for many years the wife of Charles H. Ballou.

In January, 1928, Mr. Ballou became a tenant in a dwelling owned by the plaintiff. He defaulted in payment of his rent to the extent of $871.52. Plaintiff, being unable to collect the rent, brought action against Mr. Ballou and on the 24th of April, 1930, recovered a judgment against him for $871.52 damages, and $18.25 costs, making a total of $889.77. An execution was issued on said judgment and was returned wholly unsatisfied by the sheriff of Oneida county on September 30, 1930.

In the year 1911 Mr. Ballou was engaged in constructing a large apartment house on Kemble street, in the city of Utica. He was also indebted to his wife for money loaned to him in the amount of $1,000. To protect her against any claims which might be pressed against him on account of the construction of said building and in payment of said $1,000 loan, he sold and transferred to her, by written bill of sale, all the machinery and fixtures which were used by him in the conduct of his said printing business. Said bill of sale was immediately placed on file in the Oneida county clerk's office. Br. Ballou continued the printing business under his own name, using the machinery and fixtures of his wife, from 1911 until the present time.

In 1913 he was indebted to defendants Bowes, known as Bowes Brothers, who conducted a wholesale paper business in the city of Utica, for supplies purchased from them for use in his business, in the amount of $1,800. On December 26, 1913, the defendants Ballou executed a chattel mortgage to Bowes Brothers as security for the payment of said indebtedness, upon the chattels transferred by Mr. to Mrs. Ballou as aforesaid. Said chattel mortgage was promptly placed on file in the Oneida county clerk's office. Mr. Ballou has paid said indebtedness down to $664.84, which was unpaid at the time of the trial herein. In 1913 Mr. Ballou purchased, in his own name and paid for out of the proceeds of his business, a Gordon press, which was not covered by said bill of sale or said chattel mortgage.

After the return of said execution, plaintiff instituted proceedings supplementary to execution upon said judgment against the defendants Ballou, and they were examined before a referee appointed therein. Plaintiff learned, then, for the first time, of the existence of said bill of sale and said chattel mortgage.

Plaintiff thereupon instituted this action for the following relief: *" Wherefore, plaintiff demands judgment that a trust be declared in his favor and impressed upon such equipment and against the interests therein of the said Charles H. Ballou and Clara F. Ballou in the amount of $889.77 and interest from April 24, 1930, that such equipment be sold by and under the direction of a referee to be appointed by this Court for this purpose, free and clear of any lien of the chattel mortgage of the defendants Henry L. Bowes, John A. Bowes and Charles S. Bowes; that plaintiff be paid from the proceeds of such sale the amount of his judgment, etc. * * * with such other or further relief as may be just."*

It is alleged in plaintiff's complaint that for *" upwards of twenty years, last past, defendant Charles H. Ballou has operated a printing business in the City of Utica, Oneida County, N. Y., under the name and style of Charles H. Ballou; * * * that he represented and stated to this plaintiff that he was the owner of his printing business, and that he had money outstanding in accounts which he did not wish to press, that he was perfectly sound * * * that relying upon the statement and representations of the said defendant Charles H. Ballou and believing him to be the owner of said printing business and believing that he was solvent * * * plaintiff extended credit to the said Charles H. Ballou * * * that the ' defendant Clara F. Ballou ' permitted the said Charles H. Ballou to operate said business under the name Charles H. Ballou, at all times since the year 1911 * * * and at no time prior to the rendition of the judgment above described did the said Clara F. Ballou file or cause to be filed in the Office of the Oneida County Clerk, a certificate showing the operation of said business under the assumed name. That the said Charles H. Ballou, during the years 1928 and 1929 was not solvent; that the said defendant Clara F. Ballou well knew that the said Charles H. Ballou had hired from plaintiff a dwelling house upon which he was liable for rent and well knew that her said business was being operated under the name Charles H. Ballou, thereby misleading this plaintiff into the belief that the said Charles H. Ballou was possessed of assets upon which a levy might be made under an execution; that the value of the equipment [described in the complaint] is far in excess of the amount which might be collected under and by virtue of the aforesaid judgment. That the plaintiff * * * was unaware * * * that the aforesaid business and equipment were owned by defendant Clara F. Ballou or*

*that the business operated under the name Charles H. Ballou was not the property of the said Charles H. Ballou * * * that all of such facts and circumstances were fully known to the defendant Clara F. Ballou in permitting to allow said Charles H. Ballou to operate said business in his own name and thereby represent he was the owner thereof and possessed of assets to pay plaintiff's claim * * * that the chattel mortgage of the defendant Bowes is invalid as against this plaintiff by reason of the failure of the said mortgagee to file as required by law a certificate of notice of the amount due upon said chattel mortgage during the last thirty (30) days of the years 1924 and 1926 and by reason of the premature filing of such notice or certificate during the years 1916, 1919, 1921, 1922, 1923, 1927, 1928 and 1929, and that the plaintiff has no adequate remedy at law."*

Defendant Charles H. Ballou interposed an answer wherein, among other admissions, he admits the transfer of the machinery and equipment to his wife and the execution of the chattel mortgage to Bowes Brothers, but denies the transfer of the printing business to his wife or that she conducted said business in his name.

Mrs. Ballou interposed an answer wherein, among other admissions, she admits the transfer of said machinery and equipment to herself and the execution of said chattel mortgage, but denies that Mr. Ballou transferred the printing business to her or that she carried on said business in his name.

Defendants Bowes interposed an answer wherein, after making certain admissions, they allege as follows: *" These defendants deny, upon information and belief, that their said chattel mortgage is invalid. They allege that it was made, executed and properly filed December 6th, 1913, that it is upon the articles alleged in the complaint, and ever since has been and now is the property of the defendants Bowes, that it has been from time to time refiled and is now a valid and continuing lien upon said property to the amount of $664.84, which is due, owing and unpaid thereon,"* and they further deny that Mrs. Ballou purchased the printing business from her husband.

In paragraph 2 of the complaint it is alleged specifically *" that for upwards of twenty years last past, defendant Charles H. Ballou has operated a printing business in the City of Utica, County of Oneida, N. Y., under the name and style of Charles H. Ballou."* This is admitted by all of the defendants and becomes an established fact in the case. The complaint also alleges that Mrs. Ballou conducted said business under Mr. Ballou's name. This is denied by all defendants and was not proven by plaintiff. Under those circumstances, Mrs. Ballou was not required to file the certificate required by section 440 of the Penal Law (as amd. by Laws of 1929,

chap. 58), nor was Mr. Ballou required to file any such certificate as he was doing business under his own name.

Even if Mrs. Ballou had acquired the business and had conducted it under the name of Charles H. Ballou and had failed to file such a certificate, plaintiff does not come within the class of persons who could be damaged on account of such failure, as that statute *has its foundation in public policy for the protection of the commercial community.* (*Sinnott* v. *German American Bank,* 164 N. Y. 386, 391.) A landlord, renting private dwelling premises, is' not engaged in a commercial transaction within the purview of said statute. That section was designed to protect merchants selling goods, wares and merchandise for use in the particular business.

It appeared on the trial that defendants Bowes had transferred their interest in said chattel mortgage to Bowes Brothers, Inc., and that Bowes Brothers, Inc., is and was, at the time of the commencement of the action, the owner and holder of said chattel mortgage.

Under the view we have taken of the evidence, it is not necessary to pass upon the interesting question as to the effect of failure to file a renewal of said chattel mortgage, as required by statute. A study of the following cases will be instructive: *Commercial Bank* v. *Davy* (81 Hun, 200, 203); *Levin* v. *Russell* (42 N. Y. 251, 255); *Swift* v. *Hart* (12 Barb. 530); *Nixon* v. *Stanley* (33 Hun, 247); *Baker* v. *Hull* (250 N. Y. 484, 488); *Stephens* v. *Perrine* (143 id. 476); *Matter of Steffens* (31 F. [2d] 660).

Assuming that Mrs. Ballou had acquired said printing business in 1911 and had conducted it thereafter under the name of her husband and that plaintiff was misled into extending credit to the husband on the assumption that he owned and was conducting the business, the following rule of equity might prevent plaintiff from recovering all of Mrs. Ballou's equity in said business and equipment, namely: "*It is a rule of equity that he who asks equity must do equity.*" It is undisputed that Mrs. Ballou had loaned her husband $1,000, which entered into the transfer to her of said printing equipment. If the plaintiff were entitled to her equity in the said business and equipment, his taking thereof might be conditioned upon his reimbursing Mrs. Ballou to the extent of $1,000, with interest. (*Comstock* v. *Johnson,* 46 N. Y. 615, 621.)

Finally, equity will not do for a person what that person can do for himself without the aid of equity.

Plaintiff might have levied upon and sold said printing business and equipment and, if his right to do so were challenged by an action on the part of any of the defendants, he could have set up in defense thereof the same facts and contentions now presented

by him in this action. (*Rinchey* v. *Stryker*, 28 N. Y. 45, 51, 54; Pers. Prop. Law, § 35, repealed by Laws of 1925, chap. 254; § 44, as amd. by Laws of 1914, chap. 507.)

Plaintiff impressed me as being a very honorable citizen. Mr. Ballou should make every effort to pay plaintiff's judgment even if he pays only a little at a time. Very few landlords would have been as patient and generous towards a tenant as the plaintiff was in this instance.

Upon the trial plaintiff's counsel stated that Mrs. Ballou was the sole owner of the chattels in question and the transfer thereof to her was not, in any way, tainted by fraud. Under this admission, under the allegations of the complaint and under all of the facts in the case, there is no basis for plaintiff's contention, as contained in his brief, that the transfer was constructively fraudulent.

Defendants are entitled to judgment dismissing the plaintiff's complaint upon the merits, but under the circumstances no costs are allowed.

Findings and judgment accordingly.