HON. IRA PULVER Administrator, Queens County Clerk's Office
This is in response to your letter dated January 11, 1977, requesting an opinion of the Attorney General as to whether or not two or more persons may file a certificate under General Business Law, § 130 to the effect that they are doing business together as individuals, and not as partners.
General Business Law, § 130 requires the disclosure of the names and addresses of all persons conducting or transacting business under any name or designation other than his real name, and all persons conducting business as a partnership. This law is designed to protect merchants selling goods, wares and merchandise for use in that business (Cone v.Ballou, 140 Misc. 913, 251 N.Y.S. 791). It is intended to advise anyone extending credit to a business operating under an assumed name as to who are the real persons conducting the business.
A county clerk is not required to accept for filing every certificate executed pursuant to General Business Law, § 130 which is presented to the clerk. The county clerk should not be required to accept a certificate of doing business under an assumed name for filing which is misleading to the public (Matter of Birdwell v. Watson, 268 App. Div. 642). Furthermore, the clerk has the right to review the propriety of the assumed name in the certificate of doing business offered for filing (Matter of Shattls v. Watson, 295 N.Y. 582).
General Business Law, § 130 is derived from a statute enacted as chapter 216 of the Laws of 1900 which was designated as former Penal Code, § 363-b. The pertinent section of that legislation read as follows:
 "1. No person or persons shall hereafter carry on or conduct or transact business in this state under any assumed name or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the clerk of the county or counties in which such person or persons conduct, or transact, or intend to conduct or transact such business, a certificate setting forth the name under which such business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons conducting or transacting the same, with the postoffice address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged by the person or persons so conducting, or intending to conduct said business."
It is clear from this original legislation that two or more persons were authorized to file a certificate of doing business under an assumed name.
Former Penal Code, § 363-b was subsequently adopted as former Penal Law, § 440 without substantial change. That section, provided, in part:
 "1. No person or persons shall hereafter carry on or conduct or transact business in this state under any assumed name or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the clerk of each county in which such person or persons conduct, or transact or intend to conduct or transact such business, or a branch or agency thereof, a certificate setting forth the name under which such business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons conducting or transacting the same, with the residence and business address or addresses of said person or persons, and the age of any who may be infants. Said certificates shall be executed and duly acknowledged by the person or if there be more than one, by all of the persons so conducting, or intending to conduct said business."
It is again clear that the statute authorized two or more persons to file a certificate of doing business under an assumed name whether or not the persons operated the business as partners.
The present General Business Law, § 130 was derived from former Penal Law, § 440 by section 52 of chapter 1031 of the Laws of 1965. Again there was no substantial change in the substance of the law, but various changes were made in the statutory language. General Business Law, §130(1), provides as follows:
 "1. No person shall hereafter (a) carry on or conduct or transact business in this state under any name or designation other than his real name, or (b) carry on or conduct or transact business in this state as a member of a partnership, unless such person shall file in the office of the clerk of each county in which such business is conducted or transacted a certificate setting forth the name or designation under which and the address within the county at which such business is conducted or transacted, the full name or names of the person or persons conducting or transacting the same, including the names of all partners, with the residence address of each such person, and the age of any person less than eighteen years of age. Each certificate shall be executed and duly acknowledged by the person or, if there be more than one, by all of the persons conducting the business." (Emphasis supplied.)
The first sentence of the statute refers only to a "person" whereas the former statute referred to "person or persons." This change in the language of the statute does not intend a change in the application or interpretation of it. The last sentence of the subdivision requires that the certificate be executed by all of the persons conducting the business, thus authorizing the filing of a certificate of doing business under an assumed name by two or more persons. In a prior opinion (1964 Atty. Gen. [Inf.] 69) we concluded that two persons conducting an entertainment business under an assumed name which contained no reference to the name of either individual must file a certificate for an assumed business name. We find no restriction contained in General Business Law, § 130, or any other statute, which requires a business conducted by two or more persons to be operated as a partnership.
The same result would be required by General Construction Law, § 35
which provides that words in the singular number include the plural. Since General Business Law, § 130 does not specifically provide that only a singular meaning be given to the term "person", the statute must be interpreted as applying to a single person, or a group of two or more persons.
The filing of a certificate of doing business under an assumed name by two or more persons not operating as partners would not be misleading in that the statute only requires disclosure of the names and addresses of all persons conducting the business. The statute requires this information to provide persons dealing with the business the names of the persons who are responsible for any liabilities incurred in the business (Jenner v. Shape, 205 N.Y. 66). Anyone asserting any rights against the business would be required to examine the certificate filed with the county clerk to determine the persons responsible for the liabilities of the business.
Based on the foregoing, it is our opinion that two or more persons may file a certificate under General Business Law, § 130 to the effect that they are doing business under an assumed name or as members of a partnership. However, five persons cannot file a certificate under General Business Law, § 130 to the effect that they are conducting the business as individuals, in that General Business Law, § 130 applies only to persons conducting business as members of a partnership or persons conducting business under a name or designation other than their own name. Persons conducting business under an assumed name filed with the county clerk would not be operating the business as individuals; but the exact nature of the relationship among the persons conducting the business, or their respective responsibilities for any liabilities incurred by the business, would not be disclosed in the certificate required by General Business Law, § 130.