SILAS PORTER v. A. E. WATSON.

No. 13,635. (76 Pac. 841.)

SYLLABUS BY THE COURT.

1. JUDICIAL SALE—*Purchaser Not Estopped from Redeeming from Subsequent Sale.* The fact that the owner of real estate acquired title (subject to a prior judgment lien) by a sheriff's deed issued to him at a time when he was only entitled to a certificate of sale does not, after the statutory period within which redemption from such sale might have been made has passed without any effort to redeem, estop him from claiming the right to redeem from a subsequent sale made under such prior judgment.

2. —————— *When Error in Order of Confirmation may be Corrected.* Where a court in confirming a judicial sale has erroneously ordered a deed to issue at once, without providing for any redemption, such error may be corrected at the same term of court upon motion of any one having a substantial interest in the matter and upon notice to the purchaser, notwithstanding that the sheriff's deed has already been executed, delivered, and recorded, no rights of third parties having intervened.

3. —————— *Purchaser May Redeem from Subsequent Sale as Owner.* One who has purchased real estate at execution sale subject to a prior judgment lien, and obtained a valid sheriff's deed, may redeem as owner from a subsequent sale under such prior judgment.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed May 7, 1904. Affirmed.

*Silas Porter*, and *Nathan Cree*, for plaintiff in error.

*H. L. Alden, McGrew, Watson & Watson*, and *Junius W. Jenkins*, for defendant in error.

The opinion of the court was delivered by

MASON, J.: In December, 1893, Silas Porter recovered a judgment confirming an attachment lien on certain real estate belonging to the Kansas City Safe Deposit and Savings Bank. In March, 1894, A. E. Watson obtained a judgment giving him a lien on the same property, subject to the Porter lien. Watson caused the property to be sold on his judgment, subject to the prior lien, and on November 10, 1894, the sale was confirmed and a deed ordered. A sheriff's deed was issued to Watson on these proceedings November 28, 1894. On April 25, 1092, an order of issued on the Porter judgment, and on June 2, 1902, the property was sold to the judgment plaintiff. On the same day the sale was confirmed, the order of confirmation directing the issuance of a deed, and a deed was issued to Porter, which was recorded on the next day. On June 5, 1902, Watson filed a motion asking that the order of confirmation be modified so as to provide for the present issuance of a certificate of sale only, so that opportunity might be given for redemption within the statutory period, before the execution of a sheriff's deed. On June 7, 1902, at the same term of court, the motion was granted and the order of confirmation changed accordingly, allowing eighteen months for redemption. Porter brings this proceeding to review the order granting such motion,

and contends that the final order made was erroneous for three reasons : (1) That Watson, by having obtained an order for a deed to the property without opportunity being offered for redemption, was estopped to challenge Porter's right to adopt the same procedure ; (2) that the sheriff's deed to Porter having been executed before the motion of Watson was filed, and Watson not being a party to the litigation, his only remedy was by a suit in equity to vacate the deed and to enforce his right of redemption ; (3) that if Watson had a right to redeem at all, it was only as a judgment creditor and not as owner, and his right should have been limited to fifteen months.

We cannot agree to any of these contentions. Watson was not estopped by the proceedings in his own case to object to the order in the Porter case. The order in his case, directing a sheriff's deed to issue at once, and making no provision for the exercise of any right of redemption, was, of course, erroneous, and should have been, and doubtless would have been, corrected upon timely application by any party in interest. It may be said that during the period of eighteen months after the sale he was asserting a right to which he was not entitled. But after that period expired without any effort having been made to redeem, his attitude was the same as though the order had been made within the statutory period ; at least, it does not appear that Porter was injuriously affected by his conduct.

The order directing a deed to be issued to Porter was clearly erroneous, and the attention of the court having been directed to it by a motion filed by one having a substantial interest in the matter, the adverse party having notice of the motion, and no rights of third persons having intervened, it was competent

for the court, before the expiration of the term, to correct the error and revise the order accordingly. The deed depended for its validity wholly upon the order of confirmation, and a change in that, when properly made, necessarily affected the sufficiency of the deed. A different question would be presented if rights were asserted by one claiming as an innocent purchaser prior to the entering of the motion to amend the order.

The rights of the original owner of the property had passed absolutely to Watson by his sheriff's deed prior to the sale to Porter, and he was entitled to redeem as owner and not merely as a judgment creditor. Whether or not he might claim the rights given to the "defendant owner" by sections 4928 and 4929 of the General Statutes of 1901, he is within the protection of section 4945, whch extends the same privileges to "the holder of the legal title at the time of issuance of execution or order of sale."

The order of the district court is affirmed.

All the Justices concurring.

SMITH, J., not sitting, having been of counsel in related litigation.