## HANDFORD v. EDWARDS.

### Opinion delivered February 1, 1909.

SUBROGATION—ADVANCEMENT OF MONEY TO REDEEM FROM MORTGAGE FORE-CLOSURE.—One who advances money to a mortgagor to redeem his lands from a foreclosure in chancery, as provided by Kirby's Digest, § 5420, does not become subrogated to the lien of the mortgage as against the holder of a judgment lien against the mortgagor which was subsequent to the mortgage.

Appeal from Independence Chancery Court; *George T. Humphries,* Chancellor; reversed.

*Samuel M. Casey,* for appellant.

1. Subrogation is the substitution of one person in the place of another and to succeed to his rights. Sheldon on Subrogation, § 1. There was no subrogation in this case. *Ib.* (2 Ed.) § 116; 34 Ark. 113; 2 Lead Cas. in Eq., p. 162. Appellee was a mere volunteer. 25 Ark. 129; 39 *Id.* 531; 50 *Id.* 108.

2. The outstanding judgment was a lien on the land prior to any rights of appellee. Kirby's Digest, § 4438; 13 Ark. 74; 50 *Id.* 108.

*Samuel A. Moore,* for appellee.

1. Appellee, having paid the debt to the bank, was subrogated to its rights. 13 Ark. 112; 83 *Id.* 278; Sheldon on Subrogation (2 Ed.), § § 12, 19, 21, 86; 27 A. & E. Enc. Law (2 Ed.) 237, 235; 31 Ark. 411; 39 *Id.* 411; 16 *Id.* 216; 40 *Id.* 132, 137-8.

2. The bank's lien being prior to appellant's, appellee, having to pay a part of said judgment debt, is subrogated to its rights as against appellant's. 27 A. & E. Enc. Law (2 Ed.) 209; 16 Ark. 216; Sheldon on Subrogation (2 Ed.) § 28.

3. Being an original surety to the bank and having paid his *pro rata* part of the debt, equity will protect him. 57 Am. Rep. 187; 19 Am. Dec. 629; 2 L. R. A. (N. S.) 744.

HILL, C. J. In 1905 the Bank of Newark obtained a decree in the Independence Chancery Court against C. J. Magness in the sum of $2,865.62. This decree was based on a note secured by a deed of trust upon real and personal property, and a foreclosure was decreed. Two lots in the town of Newark were sold under said decree for $400, and the purchase price thereof credited upon the decree. Edwards was one of several sureties of Magness to the bank, and after the foreclosure, the property being insufficient to discharge the debt, he was compelled to pay $197.28 as his *pro rata* of the debt due the bank. Magness was insolvent and unable to pay the same.

In order that he might protect himself, Edwards advanced the sum of $400 with which to redeem the lots from the commissioner's sale; and in consideration of said $400 and the $197.28 paid as surety Magness executed to Edwards on the 20th of May, 1907, his warranty deed for said lots.

Handford and Adams obtained judgment in the Independence Chancery court against Magness on the 14th of May, 1907; and in July, 1907, had execution issued and placed in the hands of the sheriff and levied on the lots conveyed by Magness to Edwards, and said lots were thereupon advertised for sale. Edwards brought a complaint in equity, alleging that a sale of said lots would be a cloud upon his title, and asking that, if they should be sold, he be subrogated to the amount of $597.28, the amount which he had advanced as surety and to redeem said lots. The court directed a cancellation of the deed of Magness

to Edwards, but decreed a subrogation to the amount he had advanced as surety and for the redemption of said lots, to-wit, $597.28, and declared it a lien upon the lots superior to the title of Handford and Adams derived through the execution upon their judgment. The court overruled a demurrer to a complaint setting forth these facts, and, after judgment, Handford and Adams appealed.

The statutory right of redemption from mortgage sales entitles the mortgager to redeem the lands sold, free of the mortgage lien. *Fields* v. *Danenhower,* 65 Ark. 392. In this case the court said: "For the purpose of redemption, the statute conclusively presumes that the price for which the property sells at the mortgage sale represents its actual value, and it allows the mortgagor, within a reasonable time after the sale, to redeem and reclaim the property by substituting therefor its money value, as determined by such facts." This was said in regard to a sale under a power in the mortgage, but the reasoning is equally applicable to the statutory right to redeem from a mortgage foreclosure in chancery. Kirby's Digest, § 5420. As pointed out in *Fields* v. *Danenhower,* this principle only applies to the statutory right of redemption.

It follows that the land redeemed by Magness, through the advance of the money to him by Edwards, was redeemed free from any lien, and there was no lien to which Edwards could be subrogated. This was a simple advance to Magness of money to enable him to redeem this land, which he did, for which he took a deed to the property. But at the time he took the deed to the property there was an outstanding judgment in favor of Handford and Adams which constituted a lien upon the property prior to the rights acquired by him under the deed. *Cohn* v. *Hoffman,* 50 Ark. 108; *Rodman* v. *Sanders,* 44 Ark. 504. It follows that the court erred in decreeing subrogation in favor of Edwards.

Decree reversed and cause remanded with directions to sustain the demurrer.