## TATE v. DINSMORE.

### Opinion delivered March 22, 1915.

1. CONFLICT OF LAWS—ALIENATION OF LAND—GOVERNED BY WHAT LAW.—
The alienation, transmission and descent of real estate is governed by the laws of the State in which the land is situated.

2. CONFLICT OF LAWS—SALE OF LANDS UNDER DEED OF TRUST.—Where a deed of trust was executed in California, covering lands in Arkansas, the sale of the lands under the power contained in the deed must be in accordance with the laws of Arkansas regulating such sales, in order to be valid,

3. MORTGAGES—SALE OF PROPERTY—APPRAISEMENT.—Under Kirby's Digest, §§ 5416-5418, all lands sold under mortgages or deeds of trust shall be first appraised, and shall not sell for less than two-thirds of the appraised value thereof, unless at a second sale as provided by the statute.

4. DEED OF TRUST—LEGAL EFFECT—FORECLOSURE.—A deed of trust is in legal effect a mortgage, and sales made under the powers contained in mortgages and deeds of trust are void if not in compliance with the statute requiring an appraisement of the lands before sale made.

5. MORTGAGES—SALE—REDEMPTION.—A mortgagor and his successors in interest have, under Kirby's Digest, § 5416, one year from the date of sale in which to redeem mortgaged lands, by the payment of the amount for which the property was sold and 10 per cent interest thereon and the costs of the sale.

6. MORTGAGES—SALE—REDEMPTION—TENDER OF AMOUNT DUE.—Where the mortgagee of land or his legal successors, where the land has been sold, tenders the amount of money required by law to redeem the land from the mortgage sale within one year from the date thereof, and continues the tender in force by bringing the money into court, he will be held to have effected a redemption from the sale, and to have satisfied the mortgage lien, discharging the lands therefrom.

7. MORTGAGES—REDEMPTION—CONFLICT OF LAWS.—A. executed a mortgage to lands in Arkansas, in California. In the latter State no redemption was allowed. *Held*, the foreclosure proceedings were governed by the laws of Arkansas, where the lands were situated, and there being no waiver of the right of redemption in the mortgage, such a right exists under the laws of this State.

8. MORTGAGES—REDEMPTION—WHO MAY REDEEM.—The successors to the interest of a mortgagor may redeem the lands mortgaged from a foreclosure sale within the time provided by law.

Appeal from Little River Chancery Court; *James D. Shaver*, Chancellor; affirmed.

STATEMENT BY THE COURT.

Fred Tate, in 1910, owned eighty acres of land in Little River County, this State, and that year through a real estate broker in San Francisco met one Z. P. Beachboard and made a trade of lands with him on the 21st day of September, exchanging the Arkansas lands for property in California. On the next day Beachboard borrowed from Tate $400 on the Arkansas land and gave a deed of trust thereon to secure the payment of the loan. The deed of trust was made to M. L. Hanna and D. T. Minney, as trustees. There was default in the payment of interest and the land was sold under the deed of trust and Tate became the purchaser thereof and defendants Jewell and Foster claim under him.

The appellees Dinsmore and wife are claiming as successors to the Beachboard title, and asked to be allowed to redeem the lands. All the original parties to the transaction of the exchange and mortgage of the lands resided in California, where the contract was made and the deed of trust executed.

After Beachboard executed the deed of trust to secure the $400 borrowed from Tate, he conveyed the lands to appellees, subject to said deed of trust.

The complaint alleged these facts and that appellees assumed the debt under the deed of trust, paid the first installment of interest when due, sent a check to pay the second, but that the check was refused and not cashed; that they did not learn of this until in the year 1912, when informed that the deed of trust had been foreclosed for the non-payment of interest due in September that year; that they then forwarded the interest due to Fred Tate which was refused. They then offered to pay Tate and the trustees the entire amount of principal and interest, which was also refused; that upon a pretended claim of forfeiture, the land was advertised and sold to Fred Tate on January 5, 1912, in Oakland, California, for a consideration of $520, and a void deed executed to Fred Tate by the trustees, pursuant thereto; that Tate wrongfully conveyed by a warranty deed the lands to Albert Jewell in March, 1912, who on April 8, thereafter, conveyed them by a like deed to C. B. Foster.

They alleged that the trustees' sale was void because the land was not appraised as required by law; that they had the right of redemption from the sale under the deed of trust and that within one year from the date of sale, they tendered to Fred Tate and the trustees the amount required by law to redeem the land from the sale. This tender was also made good in court with the additional statement that they were ready to pay any amount found necessary to redeem the land.

Appellants denied that the tender was made; alleged the sale was made in California for a valuable consideration and the trustees' deed made pursuant thereto was valid in all respects; that the said deed of trust was made in California where all the parties lived; that it and the notes secured thereby must be construed according to the laws of that State, which required no appraisement of the property sold and permitted no redemption of lands sold under a deed of trust.

The court found that there was no waiver of the right of redemption by the grantor in the deed of trust;

no appraisement of the land before the sale thereunder, and that within twelve months after the sale, there was a tender of the full amount necessary to redeem the lands made by the appellees and Beachboard to the trustees and Fred Tate, that the tender was refused, that the trustees' deed to Fred Tate was void because there was no appraisement of the land; that all deeds made to the land after that time should be set aside, and decreed accordingly, and from the decree this appeal is prosecuted.

*Manning, Emerson & Morris,* for appellants.

1.   The evidence shows that it was the intention of the parties to this undertaking that there should be no right of redemption.

2.   There can be no redemption because this was a California contract, and under the laws of that State there is no equity of redemption under a deed of trust. 2 Kerr's Cyclopaedia Code of California, 2031; 14 Cal. 257; 73 Am. Dec. 651; 57 Cal. 480; 2 Cal. 116; 55 Cal. 298; 66 Cal. 281; 5 Pac. 353; *Id.* 813; 39 Pac. 922; 13 Mass. 1; 7 Am. Dec. 106; 9 Cyc. 667-8; 91 U. S. 406, 23 Law Ed. 225; 44 Ark. 213; 4 Ark. 230; *Id.* 76; 46 Ark. 50; 14 Ark. 610; 25 Ark. 261; 61 Ark. 1; 70 Ark. 493; 107 Ark. 70; 114 Ark. 82.

3.   There was no legal tender of the amount paid by Tate within one year from the date of sale.   In order to make good a tender, the money must be actually produced.   21 Ark. 559; 45 Mich. 345; 83 N. W. 144.

*A. D. DuLaney,* for appellee.

1.   The deed of trust shows on its face that there was no waiver of the right of redemption, and, therefore, that right exists.   The laws of this State and not of California will control.   Minor, Conflict of Laws, 28; 71 Ark. 511; 90 Ark. 361.

The sale is void, because there was no appraisement of the land as required by statute.   Kirby's Dig., § § 5416, 5417, 5418; 81 Ark. 303; 70 Ark. 492; 55 Ark. 274.

The deed of trust was given as security for a debt, and is in legal effect a mortgage. 54 Ark. 184; 31 Ark. 437.

2. The deed of trust provided that payment on the debt should be made to the trustees, and the tender to them was proper. It was made within the time allowed by law, and, being refused, it was renewed and kept good in the court below. 21 Ark. 563; 90 Ark. 209; 85 Ark. 30.

Kirby, J., (after stating the facts). (1) There is no merit in the contention that the deed of trust was a California contract and that the laws of that State govern in the procedure for the sale of lands thereunder. "The general rule without any diversity of opinion is that the alienation, transmission and descent of real estate is governed by the laws of the country or State in which it is situated," as said in *Crossett Lumber Co.* v. *Files,* 104 Ark. 602.

(2) The lands conveyed by the deed of trust are situated in this State and their sale under the power contained in the deed must have been in accordance with our laws regulating such sales in order to be valid and this without regard to where the contract was entered into or with what intention made.

(3) Our law requires that all lands sold under mortgages or deeds of trust shall be first appraised and shall not sell for less than two-thirds of the appraised value thereof unless at a second offering as provided. Kirby's Digest, § § 5416, 5418.

(4) A deed of trust is in legal effect a mortgage and sales made under the powers contained in mortgages and deeds of trust are void if not in compliance with the statute requiring such appraisement of the lands before sale made. *Craig* v. *Meriwether,* 84 Ark. 303; *Kelley* v. *Graham,* 70 Ark. 492; *Ellenbogen* v. *Griffey,* 55 Ark. 274; *Cross* v. *Fombey,* 54 Ark. 184; *Turner* v. *Watkins,* 31. Ark. 437.

(5-6) Under our law, the mortgagor and his successors in interest are given one year from the date of sale in which to redeem the mortgaged lands by payment

of the amount for which the property is sold and 10 per cent interest thereon and the costs of the sale. Kirby's Digest, § 5416; *Allen* v. *Swoope,* 64 Ark. 576; *Wood* v. *Holland,* 57 Ark. 198; *Fields* v. *Danehower,* 65 Ark. 392. The lands herein were not appraised before the attempted foreclosure sale thereof under the deed of trust in California and the testimony shows that the appellees are the successors in interest to the mortgagor and tendered the amount of money required by law to redeem the lands from the mortgage sale within one year from the date thereof and continued the tender in force by bringing the money into court. This would have effected a redemption from the sale if it had been valid even, and resulted in a satisfaction of the mortgage lien, which discharged the lands therefrom.

It is next contended that it was not the intention of any of the parties to the contract that there should be a right of redemption of the lands and that such right was waived by the execution of the deed of trust in the State of California under the laws of which State no redemption was permitted.

(7) As already said the laws of this State control and govern in all matters relating to the alienation, transmission and descent of real estate situate here and since the right of redemption is given by our statute, it could be exercised unless waived in a manner recognized under our laws. The statutes, sections 5416, 5420, Kirby's Digest, provide a right of redemption to the mortgagor, his heirs and legal representatives from all sales of real property under mortgages and deeds of trust, and in all cases of such sales under an order or decree of the chancery court in the foreclosure of mortgages and deeds of trust, "that the mortgagor may waive such right of redemption in the mortgage or deed of trust so executed and foreclosed." This deed of trust was not foreclosed in the chancery court, and there are no expressions or terms in the deed of trust, indicating any intention upon the part of the mortgagor to waive the right of redemption and it appears to be the manifest purpose of the

law to require such intention expressed in the deed of trust or mortgage foreclosed in order to the validity of any such waiver.

(8) The successors to the mortgagor's interest had the right to redeem the lands from the foreclosure sale within the time provided by law and the evidence is sufficient to show they availed of this right.

The decree of the chancellor was right and it is affirmed.