DALTON *v.* BROWN.

Opinion delivered July 2, 1917.

REDEMPTION—PURCHASER AT EXECUTION SALE UNDER JUNIOR LIEN.—
   The purchaser at the execution sale under a junior lien may redeem
   the land from the purchaser at the execution sale under the senior lien.

Appeal from Randolph Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*T. W. Campbell* and *W. L. Pope,* for appellant.

Since Bispham did not assert any right to redeem, Dalton's right to *all* of the surplus became absolute.

Bispham was a party to the suit, but made no claim to the surplus. He was the only person who ever had any right to interfere with Dalton's right to the surplus. Bispham did not elect to redeem, and Dalton, therefore, became the absolute owner of the surplus.

*E. G. Schoonover,* for appellee.

The sale to Brown conveyed all interest of Bispham, subject to the mortgage and the Schnabaum judgment, including Bispham's right to redeem. Kirby's Digest, § 4440; 10 R. C. L. 1346; 17 Cyc. 1329; 83 Me. 290. The court properly held that Brown had the right to redeem and was entitled to the surplus.

STATEMENT BY THE COURT.

The Randolph County Bank instituted an action in the chancery court against W. T. Bispham to foreclose a mortgage on eighty acres of land. A decree of foreclosure was duly entered of record and the land sold by the commissioner of the chancery court under the decree. There was a surplus of $299.14 from the sale after satisfying the bank's indebtedness. E. Dalton filed an intervention in which he claimed it as a purchaser of the land at an execution sale against Bispham.

Ben A. Brown filed his answer to the intervention and claimed a surplus of the proceeds of the mortgage foreclosure on the ground that he had become the purchaser of the land at an execution sale under a junior

judgment and had a right to redeem from the sale under the senior judgment at which Dalton became the purchaser. The issues raised by Dalton's intervention and Brown's answer thereto were submitted to the chancery court upon an agreed statement of facts as follows:

It is stipulated and agreed by counsel that A. Z. Schnabaum obtained judgment against W. T. Bispham in Randolph Circuit Court in the sum of $198; that said judgment was rendered January 21, 1915; that Pocahontas State Bank obtained judgment on the ............... day of July, 1915, against W. T. Bispham for the sum of $430; that execution was issued on said last named judgment on the ............... day of January, 1916, and the east half of northwest quarter of section 21, township 19 north, range 1 east, in Randolph County, was duly levied on under said execution and said lands were duly advertised and by the sheriff of·Randolph County were duly sold on January 25, 1916, to Ben A. Brown. That execution was duly issued on said judgment in favor of A. Z. Schnabaum on the ............... day of February, 1916, and said execution was duly levied on said lands and the same were duly advertised for sale on March 11, 1916, and· on said day said lands were duly sold under said execution to E. Dalton. That said Ben A. Brown bid on said lands the sum of $354 and said Dalton bid on said lands the sum of $55, and that said land was struck off to said respective parties at said bids. That said lands were owned by said W. T. Bispham at the date of each of said judgments, subject, however, to certain mortgage indebtedness; that said mortgage indebtedness has been foreclosed in this court since said execution sales and there now remains in the hands of the commissioner of this court in this cause a residue after discharging said mortgage indebtedness and all costs of said cause, the sum of $299.14; that both said judgments against said Bispham have been satisfied by the proceeds of said respective execution sales, and that certificate of purchase of said lands under said execution sale held on January 25, 1916, was by said sheriff issued to Ben A. Brown on said day and certifi-

cate of purchase of said lands under said execution sale on March 11, 1916, was by said sheriff on said day issued to said Dalton.

At the trial said Brown tendered and offered to pay in open court to said Dalton the sum of $63.25, being the amount of Dalton's bid on said lands with interest thereon at 15 per cent. per annum from the date of Dalton's purchase thereof until the trial in chancery court, which tender was by Dalton refused.

The chancellor found that Brown was entitled to receive the surplus in the commissioner's hands, after paying to Dalton the sum of $63.25. A decree was accordingly entered, and to reverse that decree Dalton has prosecuted this appeal.

HART, J., (after stating the facts). It appears from the statement of facts that the mortgage of Bispham to the Randolph County Bank was the first lien on the land in question, and it is conceded by both parties that the mortgage lien is paramount to both of the judgment liens. Subsequent to its execution, on January 20, 1915, Schnabaum obtained a judgment against Bispham. Under section 4438 of Kirby's Digest, this judgment became a lien on the land in question, subject to the mortgage lien, from the date of its rendition, and under section 4439 the lien continued for three years. The judgment creditor had an execution issued and levied on the land in question in February, 1916. Dalton became the purchaser at the execution sale. Section 3292 of Kirby's Digest provides that when any real estate, or any interest therein, is sold under execution the same may be redeemed by the debtor from the purchaser or his vendee, or the personal representatives of either, within twelve months thereafter. So it is beyond question that Bispham had the right to redeem from the execution sale at which Dalton became the purchaser. Between the date of the rendition of the first judgment and the execution sale under it, the Pocahontas State Bank obtained judgment against Bispham and levied upon and sold the land in question under execution to

satisfy its judgment. Brown became the purchaser at the execution sale. Bispham failed to exercise his right to redeem from that sale within the year. It is claimed by Brown that he being the purchaser at the execution sale under the junior judgment, and that Bispham, not having redeemed from that sale, that he succeeded to the rights of Bispham and had the right to redeem from the execution sale under the senior judgment.

In the case of *Turney* v. *Watkins,* 31 Ark. 429, the court held that a purchaser at execution sale of the equity of redemption in real estate, succeeds to all the rights of the mortgagor, among which is the equitable right of redemption by paying the mortgage debt. Under this authority a purchaser at an execution sale of the equity of redemption in real estate has a right to redeem from the mortgage. The reason is that he succeeds to the rights of the mortgagor. If the purchaser at the execution sale succeeds to the rights of the mortgagor and has the right to redeem from the mortgage, there seems to be no good reason why he should not by analogy have the right to redeem from the sale under a senior judgment where he purchases at an execution sale under a junior judgment. In other words, if he succeeds to the right of the mortgagor to redeem from the mortgage, he should also succeed to the mortgagor's rights to redeem from sale under execution. If he does not, his right to redeem from the mortgage would not avail him anything in cases like the present one. It would do Brown no good as purchaser at the execution sale under the junior judgment to redeem from the mortgage debt of Bispham if he could not also redeem from the execution sale under the senior judgment.

In *Porter* v. *Watson,* 76 Pac. 841, the Supreme Court of Kansas held that one who purchases real estate at execution sale subject to a prior judgment lien and obtains a valid sheriff's deed, may redeem as owner from a subsequent sale under such prior judgment.

We are of the opinion that the court properly held that Brown had the right to redeem as succeeding to the

rights of the owner from the sale to Dalton under the senior judgment and the decree of the chancellor will be affirmed.