## LEWIS v. MUENSE.

### Opinion delivered November 4, 1918.

MORTGAGES—REDEMPTION FROM FORECLOSURE OF EQUITABLE MORTGAGES.—Kirby's Digest, § 5420, providing for redemption from sales under foreclosure of mortgages and deeds of trust, has no application to foreclosure sales under equitable mortgages witnessed by absolute deeds.

Appeal from Arkansas Chancery Court; Northern District; *Jno. M. Elliott*, Chancellor; affirmed.

*Geo. C. Lewis*, for appellant.

1. The deed was a mortgage to secure a debt and appellant had the right to redeem. Kirby's Digest, § 5420; 106 Ark. 79; 27 Cyc. 957; 4 Kent Com. 133; 4 N. J. L. 300-310; 4 Den. (N. Y.) 493-5; 127 Pa. St. 348; 113 U.

S. 659; 9 Wis. 503; 7 Vt. 170; 1 Pet. (U. S.) 386; 26 Ark. 72; 27 Cyc. 968; Jones on Mortg. § 16.

2. This was an equitable mortgage. 91 Md. 613; 15 Ala. 472; 59 Conn. 170; 91 Ala. 569; 18 *Id.* 42; 27 Miss. 461; 4 Part (Ala.) 374; 13 Ark. 533; 51 *Id.* 433; 66 *Id.* 333; 33 *Id.* 237. A deed absolute, intended as security for a debt is a legal mortgage and contains all the essential elements of same. 75 Ark. 555; 3 Pom. Eq. Jur. § 1195; 1 Jones on Mortg. § 260-5; 92 Ala. 474; 41 Cal. 22; 5 Ark. 336; 13 *Id.* 117.

3. As to the right of redemption accounting for rents, tender, etc., see 42 Ark. 457; 65 *Id.* 132; 9 Paige (N. Y.) 517; 84 Ark. 526; 129 *Id.* 27, 275; 38 Cyc. 135.

4. There are no innocent purchasers here and the right to redeem is plain. 12 Ark. 599; 15 R. C. L. 605; 96 Ark. 89.

*John L. Ingram,* for appellee.

1. The redemption provided for by Kirby's Digest, § 5420, does not extend to deeds given as security. It only applies to mortgages and deeds of trust. Kirby's Digest, § § 5395-6, 5399. A deed is not a mortgage and there is no right of redemption. 27 Oh. St. 5063; 14 Am. Dec. 458; 17 Oh. St. 52; 106 Ark. 79; 83 *Id.* 278. An equitable mortgage does not fall within the statute. 106 Ark. 79; 83 *Id.* 278, 282.

2. Redemption is barred by the decree. 5 Ark. 303, 424; 41 *Id.* 75; 63 *Id.* 254.

3. Howard is an innocent purchaser and appellant is estopped. 24 Ark. 371; 129 *Id.* 275.

4. No tender was properly made. 129 Ark. 275.

McCulloch, C. J. Appellant was the owner of certain real estate in Arkansas county, and conveyed it to appellee Muense by deed absolute in form with covenants of warranty. It is conceded, however, that appellant was indebted to Muense in a certain sum and that the deed was intended by both parties as a security for said debt. Muense sued appellant in the chancery court of Arkansas County, setting forth the fact that the convey-

ance in controversy was intended by the parties as a mortgage and prayed for a foreclosure, and the court rendered a final decree ordering the lands sold to satisfy the said indebtedness. The property was purchased by Muense at the commissioner's sale, which was duly confirmed by the court, and Muense thereafter sold and conveyed the property to his co-appellee. Appellant asserted the right to redeem the property under the statute which reads as follows:

"In all cases where real property is sold under an order or decree of the chancery court, or a court exercising chancery jurisdiction in the foreclosure of mortgages and deeds of trust, the mortgagor, his heirs or legal representatives, shall have the right to redeem the property so sold, at any time within one year from date of sale, by the payment of the amount for which the property was sold, together with interest thereon at the rate borne by the decree or judgment, and the costs of foreclosure and sale; provided, that the mortgagor may waive such right of redemption in the mortgage or deed of trust so executed and foreclosed; provided, that this act does not apply to any contracts, mortgages, or deeds of trust now in existence, or to any suits now pending." Kirby's Digest, § 5420.

The controlling question in the case is whether or not the right of statutory redemption exists from a sale under decree of a chancery court foreclosing an equitable mortgage—an absolute conveyance of land intended by the parties as security for debt. The question is not entirely free from doubt, but a majority of the judges reach the conclusion that the statute does not apply, and that there is no right of redemption from such a sale. We have a statute providing that "in suits to foreclose or enforce mortgages or deeds of trust, it shall be sufficient defense that they have not been brought within the period of limitation prescribed by law for a suit on the debt or liability for the security of which they were given." Kirby's Digest, Sec. 5399. But this court held in *Sturdivant v. McCorley,* 83 Ark. 278, that the statute had no

application to equitable mortgages evidenced by absolute deeds. In disposing of that point the court said: "In other words, the statute of limitations (Kirby's Digest, sec. 5399) as to mortgages does not apply to equitable mortgages of this kind evidenced by absolute deeds without any written defeasance." In the case of *Priddy & Chambers* v. *Smith,* 106 Ark. 79, we had before us the question whether or not the statute now under consideration was applicable so as to give a right of redemption from a sale under a decree of chancery court foreclosing a vendor's lien, and we decided that the statute did not apply. In disposing of the matter, we said: "It is manifest that the Legislature merely meant to extend the right of redemption to decrees for foreclosures of mortgages, and not to all decrees enforcing liens or other equitable mortgages. It is not accurate to say that a vendor's lien is an equitable mortgage, for such a lien is merely treated in equity as a mortgage and enforced as such. The manifest design of the Legislature in both of the statutes was to preserve the right of redemption under a legal mortgage, whether the foreclosure be made by a sale under the power contained in the instrument or by decree of the chancery court." In the discussion on petition for rehearing in the same case, we said this: "We do not mean to hold that a mortgage must contain a power of sale in order to fall within the statute. But what we do hold is, that the instrument foreclosed must be one which is, or was intended by the parties to be, of the character that falls within the definition of the word 'mortgage' in its legal sense."

We think that the decisions just referred to are conclusive of the question now before us, and that the statute has no application to the right of redemption in a case like this. This is made more manifest when we consider the fact that the only provision made by the Legislature for waiving the right of statutory redemption is that it may be done "in the mortgage or deed of trust so executed and foreclosed." *Tate* v. *Dinsmore,* 117 Ark. 412. There is no reason to suppose that the Legislature intended to

grant the right of redemption in any instance without conferring the power to waive that right, and yet, if we were to hold that the right of redemption under an equitable mortgage was conferred, there is no way in the statute provided for a waiver of that right. Hence, it necessarily follows from a true construction of the language of the statute that it was not intended that there should be any statutory right of redemption except under foreclosure sales of instruments in the form of mortgages or deeds of trust.

The right of redemption after sale does not exist except by virtue of statute, and since we hold that the statute in question has no application to this kind of foreclosure sale, it follows that the court was correct in denying appellant that right. Decree affirmed.

HART and SMITH, JJ., dissent.