ARKANSAS NATIONAL BANK *v.* PRICE.

Opinion delivered March 25, 1929.

262

*J. V. Walker* and *B. R. Davidson,* for appellant.

*W. A. Dickson* and *W. N. Ivie,* for appellee.

KIRBY, J. The appellees, judgment debtors, and their grantees of the lands sold at the execution sale necessarily sold and purchased same subject to the lien of the judgment. The appellant had the right accordingly to the execution of his judgment against the said lands levied on, notwithstanding their sale or transfer. The court below recognized such right, and refused to enjoin the sale of said property under the execution, but did order corrected and amended the execution first issued by appellant, reducing the judgment to the balance due after crediting thereon the amount shown to have been paid. The fact that the court ordered the clerk to issue and deliver to the sheriff "a specific execution directing the sheriff," and also ordered him to levy said execution on all real estate owned by the debtors or either of them in the county at the the time of the rendition of the judgment and any real estate acquired by them thereafter prior to 4 months before the date of their adjudication in bankruptcy, in no wise changed the nature of the writ as an execution, so far as the right of redemption thereunder is concerned. The execution was levied and the property sold under the procedure prescribed for the sale of property under execution, and the judgment debtors and their grantees purchasing the

property subject to the judgment lien, were entitled to redeem same from the execution sale thereof, as the court correctly held. Sections 4329 and 4330, C. & M. Digest, 23 C. J. 714, § 27; 10 R. C. L. 1346, § 138; *Beard* v. *Wilson*, 52 Ark. 290, 12 S. W. 567.

The appellant had the right to control the execution, to stop the sale of the property upon which it was levied, at any time, and his right to bid and purchase was in no wise limited or destroyed by any representations the judgment debtors or their grantees made at the execution sale challenging the validity thereof. It admits that it only made one bid in order to start the bidding, that it did not desire to purchase the land, and was entirely willing and desirous of its bringing its reasonable value at the sale, and even offered, in its suit to enjoin the officers and grantees of the judgment debtors from completion of the redemption and execution of the conveyances, to allow a credit upon the judgment of from three to four and five times the amount bid on the property, conceding the same to be the reasonable value thereof at the time of the execution sale.

The purchasers under their conveyances from the judgment debtors acquired all the interest owned by such debtors, subject only to the lien of the judgment and the execution thereof against it. They had the right as grantees of such judgment debtors to redeem the property from the sale under the execution in accordance with the terms of the statute providing therefor, and, having done so by payment of the required amount to the clerk, in accordance with the statute, they acquired all the interest in the land, free from any incumbrance of the judgment lien, which was satisfied, so far as they were concerned, by the execution sale. If therefore the judgment creditor, having the right to subject this property to an execution sale for satisfaction of his judgment, failed to realize the value of the property sold by bidding only a nominal amount because of its redemption by the grantees of the judgment debtors for the price at

which the property was sold, it was his own fault, since he knew what his rights were, and failed to bid more than the amount for which the lands were sold under execution.

The lands were sold under execution according to the undisputed proof, and it can make no difference here that it was claimed to have been a specific execution, since it was not a judicial sale within the meaning of such term, from which no redemption could be had.

We find no error in the record, and the judgment is affirmed.