ROSE *v.* LOUGHBOROUGH.

Opinion delivered November 24, 1930.

*Danaher & Danaher,* for appellant.

*A. J. Johnson,* for appellee.

McHANEY, J. This is a suit by appellee against R. R. Rice, Mary Margaret Rice, his wife, Medora S. Rice, and appellant to secure a judgment against R. R. Rice and to foreclose a mortgage on eighteen acres of land in Lincoln County, same being a deed absolute in form, given by the Rices as security for R. R. Rice's note. The case was tried upon an agreed statement of facts as follows:

"On November 1, 1926, defendant, R. R. Rice, was indebted to the People's Savings Bank in the sum of three thousand one hundred forty-four dollars and thirty-five cents ($3,144.35) for borrowed money, and evidenced said indebtedness by his promissory note in that amount, due one year after date, with interest from date until maturity at the rate of eight per cent. per annum, and after maturity until paid at ten per cent. per annum, and indorsed by plaintiff, a copy of said note being attached to the complaint, and marked "Exhibit A," and made a part hereof. And on February 10, 1927, as security for said note, defendants, R. R. Rice, Mary Margaret Rice, his wife, and Medora S. Rice, executed and delivered to said People's Savings Bank a deed absolute in form conveying the following described land situated in Lincoln County, Arkansas, to-wit:

"All that part of northeast quarter of section six (6), township eight (8) south, range five (5) west, lying east of the center of the old railroad dump; a copy of said deed being attached to the complaint, marked "Exhibit B" and made a part hereof.

"The said note not having been paid when due on November 9, 1927, plaintiff paid the amount owing thereon to the People's Savings Bank, in consideration of an assignment to him by People's Savings Bank of said note and land, said conveyance being in form absolute, a copy thereof being attached to the complaint, marked

"Exhibit C" and made a part hereof. The said deed to the People's Savings Bank was duly recorded in the office of the recorder for Lincoln County on February 15, 1927, and the said deed from the People's Savings Bank to plaintiff was recorded in the same records on March 27, 1928.

"On the 3d day of August, 1926, defendant, Mrs. Kirby Rose, instituted in this court a foreclosure suit on a mortgage held by her executed by defendant, R. R. Rice, and covering 224 acres of land in Lincoln County other than the lands hereinbefore described. On the 18th day of October, 1926, a foreclosure decree was duly entered therein, ordering a sale of said land under said mortgage, in which judgment was rendered in favor of plaintiff for $11,800. At said foreclosure sale defendant, Mrs. Kirby Rose, bought in said land described in her mortgage for the sum of $2,750, and retained a deficiency judgment against R. R. Rice in the sum of $9,050.

"On February 15, 1927, after the said deed to People's Savings Bank was recorded, defendant, Mrs. Kirby Rose, caused to be issued an execution on her said judgment, and caused said execution to be levied on the said 18-acre tract conveyed to plaintiff, hereinbefore described; and on April 16, 1927, the said 18-acre tract was sold under said execution, and defendant Mrs. Kirby Rose became the purchaser at said execution sale, bidding therefor the sum of one hundred dollars ($100).

"On March 27, 1928, defendant R. R. Rice and plaintiff redeemed from said execution sale, plaintiff paying for such redemption the sum of one hundred dollars ($100) with interest and costs, amounting in all to one hundred thirty-three dollars and forty cents ($133.40). Such redemption was effected without question by either the officers or the defendant Mrs. Kirby Rose, and entry of redemption was made on the margin of the execution as required by law, and certificate thereof was duly issued by the clerk of this court, copy of said certificate being

attached to the complaint as "Exhibit D" and made a part hereof.

"Mrs. Kirby Rose did not agree to the redemption, and had no knowledge of it until it had been made, and she had received the amount paid to redeem the land, which she received in March, 1927, and still retains.

"Mrs. Kirby Rose had another execution issued on her said judgment on April 2, 1928, and levied on said land, and the officer in charge of said execution caused the said land to be sold thereunder on July 24, 1928, and at such sale the said Mrs. Kirby Rose became the purchaser, bidding therefor the sum of $400, by crediting that amount on her said judgment against R. R. Rice, and proposes to obtain a deed under said execution, and asserts that her rights are superior to the rights of the plaintiff therein as herein described."

The court found for appellee against R. R. Rice in the sum sued for, about which there is no dispute, and that appellee "as the vendee or mortgagee of the said R. R. Rice had a right to redeem the land in the manner in which it was redeemed; that upon said redemption he took title thereto free from any incumbrance or lien of the judgment of said Mrs. Kirby Rose, and the execution and sale by said defendant Mrs. Kirby Rose on July 24, 1928, is void, and same should be canceled and set aside. Decree was entered accordingly.

On behalf of appellant it is argued that appellee had no right to redeem; that he was only a mortgagee; and that under the statute, § 4329, C. & M. Digest, only the debtor could redeem, the right of redemption being purely statutory. It is further argued that if appellant can be said to have permitted appellee to redeem, "he would be considered as having redeemed for Mr. Rice, and the land would again become Mr. Rice's property, subject to the balance of Mrs. Rose's judgment, which she had a right to enforce by another execution." We cannot agree with appellant in these contentions. The statute reads: "When any real estate, or any interest therein, is sold under execution, the same may be re-

deemed by the debtor from the purchaser, or his vendees, or the personal representatives of either, within twelve months thereafter." This court has several times held that others than the "debtor" might redeem from execution sales. In *Dalton* v. *Brown,* 130 Ark. 200, 197 S. W. 32, it was held that a purchaser at an execution sale under the junior lien might redeem the land from a purchaser at an execution sale under the senior lien. In *Turner* v. *Watkins,* 31 Ark. 429, it was held that the "purchaser at execution sale of the equity of redemption in real estate succeeds to all the rights of the mortgagor, among which is the equitable right of redemption by paying the mortgage debt." This case was cited in *Dalton* v. *Brown, supra.* In *Tate* v. *Dinsmore,* 117 Ark. 412, 175 S. W. 528, it was held that the mortgagor *and his successors in interest* have the right to redeem within one year from a sale under the power contained in the mortgage, although the statute (§ 7404, C. & M. Digest) provides only that the real property "may be redeemed by the mortgagor." In the recent case of *Arkansas National Bank* v. *Price,* 179 Ark. 259, 15 S. W. (2d) 396, a case directly in point, it was held, quoting the third syllabus, that: "Judgment debtors and their grantees, purchasing property subject to a judgment lien, were entitled to redeem it from a subsequent execution sale, under C. & M. Digest, §§ 4329, 4330."

So it will be seen that this court has already decided this question, that is, the right of the grantee of a judgment debtor to redeem from a subsequent execution sale on a prior judgment lien, adversely to appellant. We do not feel called upon to overrule these cases. They have become rules of property. The redemption statute now under consideration is a remedial statute, and should be liberally construed to accomplish its beneficent purpose. The judgment creditor always has it in his power to make the land sold under execution of his judgment bring its real value, so that if a redemption is effected he cannot be hurt. Here appellee was a grantee of Mr. Rice, the judgment debtor, whether his deed be con-

sidered a mortgage or a deed absolute, which it was in form, and had the right to redeem from the execution sale under appellant's judgment.

As to the contention that appellee should be considered as having redeemed the land for Mr. Rice, and that the land then again belonged to him subject to the lien of appellant's judgment which she could enforce by another execution, we are of the opinion that the holding in *Ark. Natl. Bank* v. *Rice, supra,* is conclusive against appellant. It was there held, to quote the 5th syllabus, that "Purchasers of land subject to a judgment lien were entitled to redeem such lands from execution sale thereunder free from the judgment lien, which, so far as the lands were concerned, was satisfied by the execution sale." This seems to be decisive of the point and would require no other citation, but see also the opinion of this court, by Mr. Justice RIDDICK, in *Fields* v. *Danenhower,* 65 Ark. 392, 46 S. W. 938, 43 L. R. A. 519. We do not think the case of *Allen* v. *McGaughey,* 31 Ark. 260, relied on by appellant, is decisive of the questions here considered.

Affirmed.